**James Boyd MACKEY,
Petitioner-Appellee,**

v.

**Walter E. CRAVEN, Warden, Folsom
State Prison, Represa, California,
Respondent-Appellant.**

**No. 75–2892.**

United States Court of Appeals,
Ninth Circuit.

Jan. 22, 1976.

Rehearing Denied March 5, 1976.

Richard Tullis (argued), Deputy Atty. Gen., State of California, San Francisco, Cal., for respondent-appellant.

A. Leonard Bjorklund, Jr. (argued), Sausalito, Cal., for petitioner-appellee.

## OPINION

Before BROWNING and WALLACE, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM.

On April 20, 1973, following an evidentiary hearing, the district court found there was a reasonable doubt of Mackey's competency at the time he entered a plea of guilty to the charge of voluntary manslaughter and that a hearing to determine whether the defendant was competent to plead guilty should have been held in the state court before the guilty plea was accepted. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Moore v. United States*, 464 F.2d 663 (9th Cir. 1972). The district court ordered that the state provide a hearing to determine whether the defendant was competent to plead guilty at the time of his plea. A hearing was held in the Marin County Superior Court, and the issue was resolved against Mackey. He now contends in this habeas suit that the wrong standard of competency was applied at that hearing (*see Sieling v. Eyman*, 478 F.2d 211 (9th Cir. 1973)). The district court on April 1, 1975, ordered that the case be remanded to the Marin County Superior Court to be reconsidered in light of *Sieling*.

Whether the state must hold a hearing concerning a defendant's competency to plead guilty is an entirely different issue from the issue of the standard to be applied in determining whether the defendant was competent to plead guilty. On May 19, 1975, the United States Supreme Court decided *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317, holding that 28 U.S.C. § 2254 requires that state remedies must be exhausted prior to additional federal action on any new claim that develops during proceedings ordered by a federal court to satisfy a different claim on which state remedies have been exhausted. The record does not establish that petitioner has exhausted available state remedies with respect to the standard governing his competency to plead guilty.

The order conditionally granting the writ of habeas corpus is reversed and remanded for further proceedings.