**Jerry LEWIS, Petitioner,**

v.

**Charles MORRIS, Secretary of the State of Washington, Department of Social and Health Services, Respondent.**

No. C–76–94.

United States District Court,
E. D. Washington.

May 2, 1977.

John Ziegler, Seattle, for petitioner.

Donald C. Brockett, Pros. Atty., Spokane County, for respondent.

## MEMORANDUM AND ORDER

NEILL, Chief Judge.

Jerry Lewis, an inmate at the Washington State Penitentiary, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He seeks release from confinement alleging a denial of his due process rights in the manner in which his guilty plea was taken. He has exhausted his state remedies as required by 28 U.S.C. § 2254(b).

Petitioner was shot in the head by a police officer on October 16, 1971, while allegedly attempting to escape from the scene of a robbery and murder. As a result of the gunshot wound petitioner suffered extensive brain damage. A sanity commission was appointed to examine and report to the Superior Court of Spokane County as to petitioner's competency to stand trial. As a result of the sanity commission report the Superior Court entered an order staying all proceedings against petitioner on the basis that he was unable to assist in his defense. Petitioner was then committed to a state mental hospital. Approximately one year later the court reappointed the sanity commission to re-examine the petitioner and determine whether he was competent to stand trial. As a result of the examination and court hearing, the order staying proceedings was quashed, and the petitioner was found competent to stand trial.[1] Eight days after this determination

of competency, petitioner appeared with his attorney and entered pleas of guilty as charged to both robbery and first degree murder. Before accepting the guilty pleas the court briefly questioned petitioner regarding his understanding of the charge, and the consequences of the plea.[2]

Petitioner now contends that he was mentally incompetent to enter the guilty pleas asserting that at the time of the pleas he was suffering from severe psychomotor disability, amnesia as to the events leading to the charges and a nearly complete inability to speak or concentrate upon and answer all but the most simple questions. He claims that his visible disabilities should have induced both his counsel and the court to suspect his inability to competently waive his constitutional trial rights.

While the trial court did make an adequate determination of petitioner's competency to stand trial, petitioner alleges that the court erred in its failure to hold an additional hearing on the issue of his ability to intelligently and competently waive the various federal constitutional rights involved in the entering of a plea of guilty.

The standards used to judge competency to stand trial differ from those standards which must be used to judge competency to waive fundamental constitutional rights. In *Westbrook v. Arizona*, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966), the Supreme Court held that a trial court's determination of a defendant's competency to assist counsel in his defense did not suffice as a finding that he was also competent to waive his constitutional right to the assistance of counsel. The Ninth Circuit, in *Sieling v. Eyman*, 478 F.2d 211 (1973), relied upon *Westbrook, supra*, in concluding that a higher standard of competency was required for a guilty plea than that necessary

---

1. In the Findings of Fact and Conclusions of Law on Hearing to Determine Defendant's Competency to Stand Trial, *State of Washington v. Jerry Lewis*, No. 20326 (Spokane County Superior Court, January 30, 1973), the court made the following findings of fact:

    That the defendant, Jerry Lewis, is not psychotic, but is in contact with reality; he now

understands the nature of his peril, is able to distinguish right from wrong, and can now assist and aid counsel in his own defense of this cause, and is competent to stand trial at this time.

2. Change of Plea Tr., at 4–6.

to stand trial. The Court emphasized that other constitutional rights are waived by a plea of guilty: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. The *Sieling* Court set forth the standard that a

> . . . defendant is not competent to plead guilty if a mental illness has substantially impaired his ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea.

478 F.2d at 215, *quoting, Schoeller v. Dunbar*, 423 F.2d 1183, 1194 (9th Cir. 1970) (Hufstedler, J., dissenting). *Sieling* held that in a case where the defendant's competence has been put in issue, acceptance of a guilty plea requires a hearing on the question of the defendant's capacity to make a reasoned choice. The court must assess the defendant's competency with specific reference to the gravity of the decisions which the defendant must make. *Sieling* at 215.

Amicus argues that since the issue of competency to stand trial had been determined prior to the acceptance of the plea of guilty, there was no reason for the court in accepting the plea of guilty, to make further inquiry into petitioner's competency. Amicus argues for distinguishing *Sieling v. Eyman, supra,* and cites a Fifth Circuit case, *Malinauskas v. United States,* 505 F.2d 649 (5th Cir. 1974), for the proposition that it was unnecessary for the court to inquire further into the mental competency of the petitioner, having previously listened to expert testimony on defendant's competency to stand trial. However, the holdings in *Sieling, supra,* and *de Kaplany v. Enomoto,* 540 F.2d 975 (9th Cir. 1976), firmly establish the Ninth Circuit's position that the standard for competency to waive constitutional trial rights differs from that to be used in determining whether a defendant is competent to stand trial.

In *de Kaplany v. Enomoto, supra,* the Ninth Circuit reaffirmed its decision in *Sieling, supra.* However, recent Ninth Circuit opinions appear to limit the *Sieling* doctrine. These cases are troublesome, as *Sieling* explicitly holds that a hearing is mandated whenever a defendant's competency has been placed at issue. Yet in both *Sailer v. Gunn,* 548 F.2d 271 (9th Cir. 1977), and *Makal v. Arizona,* 544 F.2d 1030 (9th Cir. 1976), the Ninth Circuit affirmed the trial court's decision to enter guilty pleas without a prior evidentiary hearing on the defendant's competency to plead guilty.

In *Makal,* the defendant was charged with three counts of first degree murder. Before trial he was twice committed to a state hospital as a result of hearings held under state procedure at which the court found that the defendant's mental illness prevented him from assisting counsel in the defense of his case. Defendant was ultimately found competent to stand trial, was tried, and found guilty on each of three counts of murder. The Supreme Court of Arizona reversed and remanded for a new trial because of error at the trial. Prior to retrial, defendant was given another competency hearing, and was found competent to stand trial. Several days later, before trial, he plead guilty. The trial judge accepted Makal's plea after briefly inquiring into the defendant's understanding of the consequences of the plea. Although Makal's mental abilities had been at issue for purposes of his competency to stand trial, no hearing was held on defendant's competency to waive the various constitutional rights involved in a guilty plea. The Ninth Circuit affirmed, distinguishing *Sieling* and *de Kaplany* on the basis that Makal had already been tried once, and was therefore presumed to have knowledge of the consequences of his guilty plea. In addition, the Court found significance in the fact that the trial court which received Makal's plea had before it the reporter's transcript of the hearing on Makal's competency to stand trial. The Ninth Circuit concluded that the validity of petitioner's guilty pleas was capable of reconstruction by the district court for the purpose of determining competency.

*Makal* is clearly distinguishable from the case at bench. Unlike Mr. Makal, petitioner had not been previously tried on the murder charge. Nor does the record

disclose whether the trial judge had a transcript of the competency hearing at the time he accepted the pleas.[3] In order to ascertain whether this writ should issue, this Court must determine what factors were before the trial judge at the time petitioner's guilty pleas were entered. As recently stated in *Sailer v. Gunn, supra,* at 275:

> . . . we hold that under the due process clause a hearing on a defendant's competence to plead guilty is required if the trial judge entertains or should reasonably have entertained a good-faith doubt as to competence of the defendant to understand the nature and consequences of his plea or to participate intelligently in the proceedings, including his ability to make a reasoned choice among alternatives presented to him.

The question of whether the trial judge should have entertained a good faith doubt as to petitioner's competence to plead guilty is a matter which cannot be determined in the absence of a full evidentiary hearing. *Cf. United States v. Ives,* 504 F.2d 935 (9th Cir. 1974), *vacated, Ives v. United States,* 421 U.S. 944, 95 S.Ct. 1671, 44 L.Ed.2d 97 (1975), *remanded, United States v. Ives,* 547 F.2d 1100 (9th Cir. 1976).

Wherefore, it is hereby

ORDERED that petitioner's writ of habeas corpus will be GRANTED unless within 60 days the State obtains trial court review of petitioner's competency to plead guilty at the time of his plea. *Mackey v. Craven,* 537 F.2d 322 (9th Cir. 1976); *de Kaplany v. Enomoto, supra,* at 986; *Sieling, supra,* at 215.[4]

---

3. The trial judge taking the pleas was not the same judge who held the hearing on competency to stand trial.

4. Interlocutory appeal denied by unpublished order of May 22, 1978.