PITCHESS, SHERIFF *v.* DAVIS

No. 74–1128.  Decided May 19, 1975

PER CURIAM.

Respondent Davis was convicted in 1967 in the Superior Court of Los Angeles County of rape, kidnaping, and oral copulation; he was sentenced to state prison. On direct appeal in the California courts, respondent argued, *inter alia,* that the failure of the state prosecutor in his case to turn over to him an exculpatory laboratory report, despite his request for all material reports, violated his Fourteenth Amendment right to a fair trial under our decision in *Brady v. Maryland,* 373 U. S. 83 (1963). The laboratory report stated that scientific tests by police officials failed to reveal the presence of sperm either on vaginal smear slides taken from the victim after the rape or on clothing worn by the victim at the time of the rape. State courts rejected this contention on direct appeal.

Respondent twice unsuccessfully pursued this contention in petitions for habeas corpus filed under 28 U. S. C. § 2254 in the United States District Court for the Central District of California. In 1972 a third habeas corpus petition in that court proved more successful, and the District Court ruled that the failure of the prosecutor to supply respondent with the laboratory report denied him a fair trial under *Brady, supra.* The court issued a conditional writ of habeas corpus which provided that habeas corpus would issue, compelling the petitioner to release respondent from custody, unless California provided respondent with the laboratory report and moved to retry him within 60 days. This judgment was affirmed

by the United States Court of Appeals for the Ninth Circuit.[1]

California moved to retry respondent in accordance with the terms of the conditional writ, and the case was set for trial in state court. The laboratory report forming the basis of respondent's *Brady* claim was turned over to him. In a discovery motion made in advance of trial, respondent requested the State to make the vaginal smear slides and clothing worn by the victim at the time of the rape available to him. Although this physical evidence had been available at respondent's prior trial, it was destroyed as a matter of police routine sometime during the six years between the time respondent's conviction became final and issuance of the conditional writ of habeas corpus.

Respondent then moved in state court to dismiss the charges against him on the grounds that the routine destruction of this physical evidence constituted an incurable suppression of exculpatory evidence in violation of *Brady* which deprived him of any opportunity, present or future, to a fair trial. After a hearing the state trial court denied respondent's motion, finding that the physical evidence had not been willfully suppressed and further finding that it would not have materially aided respondent's defense.

Respondent then filed an application for a writ of prohibition in the California Court of Appeal. During

---

[1] The opinions of state courts on respondent's direct appeal and of the District Court and Court of Appeals in the original habeas proceedings are unpublished. The opinion of the District Court in the subsequent modification proceeding is reported at 388 F. Supp. 105 (1974) and the Court of Appeals' affirmance of this decision is reported at 518 F. 2d 141 (1974). Neither the merits of respondent's original *Brady* claim relating to suppression of the laboratory report nor the merits of respondent's later claim relating to the unavailable physical evidence are before us.

the pendency of this application, he also filed a motion in the United States District Court seeking to "modify" its prior conditional writ of habeas corpus and replace it with an order granting an absolute writ and enjoining any retrial on the pending state charges. The basis for this motion was the destruction of the clothing and slides. The District Court temporarily enjoined the pending retrial[2] but deferred ruling on respondent's motion.

The California Court of Appeal and the California Supreme Court denied respondent's applications for writs of prohibition without opinion. The District Court then, without permitting the trial to proceed in the state court, conducted a hearing of its own. The court held that destruction of the slides and clothing violated *Brady, supra*. In the opinion of the court the destruction of this evidence precluded certain additional scientific testing which might possibly have established that respondent was not the perpetrator of the crime, and since this defect was incurable, the court found that respondent could never receive a fair trial on the charges. Respondent's motion was granted.[3] The United States Court of

---

[2] In view of our disposition of this case, we have no occasion to consider the application of our decision in *Younger* v. *Harris*, 401 U. S. 37 (1971), to these facts.

[3] The amended order of the District Court provided:

"IT IS ORDERED, ADJUDGED AND DECREED:

"1. Peter J. Pitchess, Sheriff of Los Angeles County, California, or whosoever may have custody of Charles Edward Davis, shall discharge Charles Edward Davis from custody insofar as he is held in custody by nature of his conviction in Case No. A220869 in the Superior Court of the State of California for the County of Los Angeles.

"2. Charles Edward Davis is released and discharged from any and all restraints which may have been imposed upon him by reason

Appeals for the Ninth Circuit affirmed, and petitioner sought certiorari here from that judgment.

Habeas corpus jurisdiction of persons in custody pursuant to the judgment of a state court is conferred on federal courts by 28 U. S. C. § 2254. That statute requires exhaustion of available state remedies as a precondition to consideration of a federal habeas corpus petition:

> "(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> "(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

See, *e. g., Nelson* v. *George*, 399 U. S. 224, 229 (1970); *Irvin* v. *Dowd*, 359 U. S. 394, 404–405 (1959); *Ex parte Royall*, 117 U. S. 241 (1886).

of his conviction in Case No. A220869 in the Superior Court of the State of California for the County of Los Angeles.

"3. Pursuant to the provisions of 28 U. S. C. § 2251 all proceedings which have been taken or which may hereafter be taken against Charles Edward Davis in Case No. A220869 in the Superior Court of the State of California for the County of Los Angeles are stayed.

"4. Any and all proceedings taken against Charles Edward Davis in Case No. A220869 in the Superior Court of the State of California for the County of Los Angeles are void.

"5. The court retains jurisdiction over this habeas corpus proceeding for all purposes."

In the instant case, the unavailability of the physical evidence sought by respondent in connection with his retrial was never raised until he filed his pretrial motion in state court to dismiss the charges.[4] The issue was neither raised in nor considered by state courts during the course of his direct appeal from the first conviction or by the federal courts during the proceedings resulting in issuance of the conditional writ of habeas corpus. And respondent does not contest that, should he be convicted upon retrial, full appellate review in state courts will be available on whatever contentions he chooses to raise concerning the nonavailability of the physical evidence now sought.

Under our decision in *Picard* v. *Connor*, 404 U. S. 270 (1971), exhaustion of state remedies is required as a prerequisite to consideration of each claim sought to be presented in federal habeas:

> "We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution,' *Ex parte Royall, supra*, at 251, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." *Id.*, at 275–276.

While recognizing the exhaustion requirement for in-

---

[4] The failure to raise a claim relating to the unavailability of the physical evidence for purposes of retrial on either direct appeal or in the original federal habeas proceedings did not stem from any lack of diligence on respondent's part. Since the physical evidence was available at the original trial, it appears unlikely that respondent could have discovered its unavailability in advance of preparations for retrial.

voking federal habeas relief, the Court of Appeals found that § 2254 did not preclude consideration of the additional contention raised in respondent's motion to amend the District Court's original conditional order for two reasons.

First, the Court of Appeals felt that respondent's effort to secure a writ of prohibition from the state appellate courts on the grounds of destruction of the physical evidence constituted sufficient exhaustion of state remedies under these circumstances.

Both the California Court of Appeal and the California Supreme Court denied the applications without opinion. In California it is well established that a writ of prohibition is an extraordinary writ, whose use for pretrial review is normally limited to "questions of first impression and general importance." *People* v. *Medina,* 6 Cal. 3d 484, 491, 492 P. 2d 686, 690 (1972) (en banc). The denial of an application for writ of prohibition does not constitute, and cannot be fairly read as, an adjudication on the merits of the claim presented. Inclusion of an asserted point of error in a denied pretrial application for writ of prohibition does not bar raising the same points on post-trial direct appeal. *Ibid.*

In *Ex parte Hawk,* 321 U. S. 114, 116 (1944), we held that denial of an application for an extraordinary writ by state appellate courts did not serve to exhaust state remedies where the denial could not be fairly taken as an adjudication of the merits of claims presented, and where normal state channels for review were available. In the instant case, denial by state appellate courts of respondent's applications cannot be fairly taken to be an adjudication of the merits of his claim and full post-trial appellate review is available if respondent is convicted. On these facts, the denial of respondent's applications did not serve to exhaust his available state remedies.

The second reason advanced by the Court of Appeals was that the exhaustion requirement is inapplicable to the new contention raised in respondent's motion, since the motion was authorized under Fed. Rule Civ. Proc. 60 (b)(6) as a motion for relief from a final order. It reasoned that since the District Court would have granted an absolute writ if it had been presented with the destruction of the physical evidence at the time of issuance of the conditional writ, the District Court was justified under this rule in amending its prior judgment to make the writ absolute.

Rule 60 (b) provides in part:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment . . . for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."

The Rule does not by its terms speak to the requirement of exhaustion of remedies as a prerequisite for federal habeas relief. The exhaustion requirement, *Picard* v. *Connor*, 404 U. S., at 276, is statutorily incorporated in 28 U. S. C. §§ 2254 (b) and (c), and Fed. Rule Civ. Proc. 81 (a)(2) provides:

> "These rules are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, to the extent that the practice in such proceedings is not set forth in statutes of the United States . . . ."

Since the exhaustion requirement is statutorily codified, even if Rule 60 (b) could be read to apply to this situation it could not alter the statutory command. The second reason advanced by the Court of Appeals is not persuasive, therefore, unless it was correct in its reasoning on the issue of exhaustion. We believe for the rea-

sons previously stated that it was incorrect in its treatment of the exhaustion issue.

Respondent failed to exhaust available state remedies on the claim which formed the basis for the unconditional writ, and he is entitled to no relief based upon a claim with respect to which state remedies have not been exhausted. Neither Rule 60 (b), 28 U. S. C § 2254, nor the two read together, permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court. Cf. *Stefanelli* v. *Minard*, 342 U. S. 117 (1951).

The motion of the respondent for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment of the Court of Appeals is reversed and the case is remanded to the District Court with directions to vacate the orders which it entered subsequent to the order granting a conditional writ of habeas corpus.

*It is so ordered.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.