Wallace M. MANNING,
Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 75–3513
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1976.

the act and dismissed the complaint as to this alleged violation. This dismissal has not been challenged by the NLRB.

4. 29 U.S.C. § 158(a)(3).

5. *Id.* at (a)(1).

6. With a minor change not here relevant, see note 1, *supra.*

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Wallace M. Manning, pro se.

William J. Baxley, Atty. Gen., Sam L. Webb, Asst. Atty. Gen., Walter S. Turner, Chief Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from a decision denying a state prisoner habeas corpus relief pursuant to 28 U.S.C. § 2254. In July 1972 petitioner Manning was in the custody of the state of Alabama, confined in the Jefferson County jail, awaiting trial on state charges of buying, concealing, and receiving stolen property. Petitioner was also under indictment for violations of federal laws in the Southern District of Alabama. To secure his presence in federal court, a writ of habeas corpus ad prosequendum was issued; and Manning was transferred to Mobile. A judgment of conviction was entered in federal court, and Manning was sentenced to a two year term of imprisonment, to commence upon his release from state custody. Thereafter he was returned to the custody of the sheriff of Jefferson County. After a trial by jury on the state charges, he was convicted and sentenced by the Circuit Court of Jefferson County to a seven year term of imprisonment. He immediately filed a notice of appeal. Under Alabama law, sentence is automatically suspended on appeal unless the defendant requests a so-called working appeal. Code of Alabama, tit. 15, § 373 (1958). When a defendant requests a working appeal, sentence begins to run immediately. On the day he was sentenced Manning wrote his court-appointed attorney requesting a working appeal. By letter dated February 16, 1973 addressed to the judge who tried the case, Manning's counsel requested a working appeal.

On March 8, 1973 Manning was delivered to the custody of federal authorities to commence serving the two-year sentence imposed by the United States District Court for the Southern District of Alabama. The state of Alabama filed a detainer at the federal prison in Atlanta where Manning was held, based upon the seven-year sentence that petitioner had received in state court. On October 30, 1973, while he was still in federal custody, his state conviction was affirmed by the Alabama Court of Criminal Appeals. He was released from federal custody and turned over to the Alabama authorities on August 26, 1974 to commence serving his seven year state sentence.

In his § 2254 petition for habeas corpus, Manning initially raised two grounds for relief. First, he contended that the state of Alabama lost jurisdiction over him when he was surrendered to federal authorities. He has abandoned this contention on appeal.

His second contention is that at the time he was transferred to the custody of the federal authorities, his state sentence had already begun to run. He argues that under Alabama law a request for a working appeal must be honored. Since he had requested a working appeal prior to his transfer to federal custody, he had already begun to serve his state sentence; his transfer to federal authorities did not suspend the time being served for the state offense. He seeks credit on his state sentence for the time served in the federal penitentiary.

The district judge acknowledged that "this case present[s] novel problems re-

garding proper credit for time spent in custody." He nevertheless found it unnecessary to resolve these problems, reasoning that Manning had two sentences to serve and that he had not been prejudiced merely because he served the federal sentence first. Manning alleges on appeal that he was prejudiced by the transfer to the federal authorities. He contends that he would have been eligible for federal parole and work release programs had he served the state sentence first.

Manning filed a petition for writ of error coram nobis in the circuit court of Jefferson County in October, 1974. He alleged, *inter alia*, that his conviction in that court was invalid because of insufficient evidence and inadequate representation by counsel. The record also reflects that while in federal prison in Georgia, he filed a motion to dismiss the detainer lodged against him by the Alabama authorities. In that motion he raised the first issue raised below but now abandoned on appeal, *i. e.* that the state of Alabama waived jurisdiction and custody of him when he was released to the federal authorities. Although he alleges that he is without an effective state remedy, the record does not reveal whether Manning has ever presented to a state court the precise issue now before us, *i. e.*, whether his state sentence should be reduced by the amount of time spent in federal custody. Exhaustion of state remedies is required as a prerequisite to consideration of each claim presented in a § 2254 petition for habeas corpus. *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Accordingly, the judgment of the district court is vacated and this case is remanded so that the district court may determine whether appellant has an available state remedy as to this claim, and, if so, whether that remedy has been exhausted.

Vacated and remanded.