Benjamin GARDNER, Petitioner,

v.

R. C. FORISTER and the State of North Carolina, Respondents.

No. C–C–79–014.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Order June 15, 1979.

On the Merits June 21, 1979.

Grant Smithson, Asst. County Public Defender, Charlotte, N. C., for petitioner.

Richard N. League, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N. C., for respondents.

## ORDER

McMILLAN, District Judge.

On April 9, 1979, 468 F.Supp. 761, this court granted a conditional writ of habeas

corpus, setting aside petitioner's conviction for second-degree murder and ordering:

"That if petitioner is not retried within sixty days of the filing date of this order, he shall be released from custody."

Under the order, retrial was to be accomplished by June 7, 1979. On May 15, 1979, a state Superior Court judge appointed the Office of the Public Defender to represent petitioner at retrial, which was scheduled for May 21, 1979. Mr. Grant Smithson, the attorney representing petitioner, moved in state court for a continuance due to the inadequate amount of time provided to prepare petitioner's defense. The trial court allowed the motion to continue and rescheduled the case for trial June 11, 1979, four days after the June 7, 1979, cut-off date set in this court's order of April 9, 1979.

On June 6, 1979, respondents moved in this court for an "extension of time in which to begin retrial" until July 1, 1979. The court, in its discretion, denied the motion by order dated June 7, 1979.

On June 11, 1979, petitioner unsuccessfully moved in state court for an outright dismissal of the charges because of the state's claimed failure to comply with the retrial time limit imposed by this court. Petitioner also moved for another continuance claimed to be necessary to prepare the defense. The latter motion was granted; the case now stands calendared for retrial on June 25, 1979.

Petitioner has now moved through his defense counsel for a clarification of the court's order of April 9, 1979, requiring retrial or release, and the order dated June 7, 1979, denying respondents' motion to extend the time. Petitioner has also moved *pro se* that the order of April 9, 1979, be carried out and has generally alleged that he is being prejudiced by any delay in trial beyond the June 7, 1979, date set out in the April 9, 1979, conditional writ. *See pro se* motion filed June 1, 1979.

There is little doubt from the record that the court's order of April 9, 1979, imposed a sixty-day time limit on respondents' opportunity to retry petitioner. Respondents demonstrated that they so understood the order by their motion filed June 6, 1979, which requested an extension of time in which to begin retrial and stated that counsel for respondents, upon receipt of the court's order and review of the file, had advised the local District Attorney that "retrial had to be accomplished" within the sixty-day period. This interpretation was confirmed by the court in its order denying respondents' motion for an extension, in which the court said:

"On this record it would be improper to extend the time allowed for retrial of the petitioner."

■ The scope of relief properly granted in habeas corpus proceedings is broad:

"[T]he typical order of a district court in state prisoner cases is a conditional release, permitting the state to rearrest and retry the petitioner without actually discharging him from custody. However, there is no limitation in the statute, 28 U.S.C. §§ 2241–2254, which restricts the federal courts to that remedy. Jurisdiction exists to grant an absolute writ when demanded by the Constitution. 28 U.S.C. § 2243 provides that, 'The court shall . . . dispose of the matter as law and justice require.' "

*Davis v. Pitchess,* 388 F.Supp. 105, 108 (C.D. Calif.), *aff'd,* 518 F.2d 141 (9th Cir. 1974), *rev'd on other grounds,* 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975).

The state, as ordered, did literally undertake to retry petitioner within the sixty-day period; the case was first calendared for retrial on May 21, 1979. Fairly construed, the motions of counsel and petitioner *pro se* require that this court consider whether the circumstances giving rise to the delay in retrial beyond the sixty-day period nevertheless compel a modification of the original conditional writ into an absolute writ, thereby barring any further state court criminal proceedings on the charges. *See* Federal Rules of Civil Procedure rule 60(b)(6); *Davis v. Pitchess,* 518 F.2d at 142.

Counsel for petitioner was not appointed until May 15, 1979, thirty-six days after the entry of the conditional writ ordering re-

trial or release, and seven days before the scheduled retrial. To date, petitioner has been granted continuances in state court from May 21 to June 25 on the ground of inadequate time to prepare a defense.

An order of release or retrial should be followed by appointment of counsel at a meaningful time, that is, early enough so that a defense can be prepared and retrial begun within the time limits set by the court. The failure to make a timely appointment whipsaws the defendant between his right to a timely trial free of the constitutional error resulting in the original grant of habeas corpus relief and the right to have counsel prepare and present an adequate defense. A successful habeas corpus petitioner should not be required to trade one unlawful criminal conviction for another, nor to be prejudiced by his reasonable efforts to prevent such a result.

Upon a review of the record in this action, it appears to the court that the delays in petitioner's retrial beyond June 7, 1979, although nominally the result of petitioner's counsel's motions for continuances in the state court, are properly chargeable to the state. The remaining question is whether the delay has in any meaningful way prejudiced petitioner's opportunity to present his defense. This question cannot be decided on the paper record and an immediate hearing is therefore necessary.

IT IS THEREFORE ORDERED:

1. The Clerk shall set this case for evidentiary hearing at 2:00 p. m., Monday, June 18, 1979, and shall notify the parties immediately by reading them this order over the telephone. Monday, June 18, and Tuesday, June 19, are the only days available to the court before June 25, 1979, in which to conduct the hearing. If Monday morning or Tuesday morning is more convenient for the parties, the Clerk is authorized to modify the time set for the hearing accordingly.

## ON THE MERITS

On April 9, 1979, this court granted a writ of habeas corpus to petitioner, Benjamin Gardner, because of errors of constitutional stature in his state court trial, and ordered that the state re-try or release him within sixty days of the filing date of that order. *See Gardner v. Forister,* 468 F.Supp. 761 (W.D.N.C.1979). No appeal was taken. At the end of the sixty days the state had not re-tried petitioner, and he was released on a personal recognizance bond after a continuance had been obtained in state court. On June 15, 1979, this court learned that a re-trial had been scheduled for June 25, 1979; and acting on motions of petitioner, filed *pro se* and through counsel, ordered an evidentiary hearing to determine, before the trial date, whether the writ of habeas corpus previously entered should be converted into an absolute writ barring re-trial because of failure of the state to re-try petitioner within the sixty-day period.

On June 19, 1979, the court held an evidentiary hearing. Petitioner testified and both parties referred the court to affidavits of counsel which, because of the unusual circumstances of the case, the court has treated as evidence. Upon a review of the record, including the evidence at the hearing, the court makes the following findings:

The habeas corpus order requiring trial or release in sixty days was filed April 9, 1979. No lawyer was appointed for petitioner until Wednesday, May 16, 1979, after the state had used several weeks to find a missing witness and decide whether to re-try the case, and after the case had been set for trial five days later on Monday, May 21, 1979. Whipsawed by the state's actions, which required him to give up his client's rights under the habeas corpus order, or to commence a murder trial with only two or three working days to learn and prepare the case, petitioner's lawyer did the predictable thing; he requested a postponement, which was granted. The failure to re-try the case in the allotted sixty days is the fault of the state.

Much of the evidence and affidavits at the hearing dealt with the now moot issue whether this court should have enlarged the sixty-day limit for re-trial or release of the petitioner. Because of some assertions in

the affidavits and in open court, that question will be discussed briefly.

Five weeks after the writ was issued, the assistant attorney general in charge of the case wrote the court on May 14, 1979, as follows:

"On April 6 of this year you ordered the petitioner in the above-referenced case retried or released within sixty (60) days. I did not appeal this conviction and for a while it looked like the District Attorney's office would not be able to retry him due to the unavailability of witnesses. However, I have just been informed that the witness was found and that Mr. Gardner will be returned to Mecklenburg County next week to have a lawyer appointed for him. It is likely, however, that the lawyer will want to continue the matter for some length of time in order to better prepare himself and there is a real possibility that retrial cannot be accomplished by June 7th as comprehended by your order. In light of this, if it becomes necessary for me to request an extension of the sixty day period I hope that you will consider it favorably. I will of course try to obtain documentation of the above to support the motion if it has to be made but I wanted to approach you about the matter preliminarily because I tentatively planned to be out of town about that time and something could get lost in the rush to clear my desk prior to that.

"Hoping things are going well with you and thanking you for your consideration of the above request, I remain . . ."

The letter was not a motion for an extension; it did not say which party, if either, would ultimately request the possible extension; it spoke of the previous unavailability of state's witnesses and of counsel's tentative plans to be out of town.

The court responded by letter of May 16, 1979, the complete text of which is as follows:

"Thank you for your letter of May 14, 1979. *If* a postponement requested by Mr. Gardner or his counsel extends the trial past the allotted sixty days, it would seem to me that the sixty-day time ought to be enlarged. However, *I will wait and pass on it if the subject comes up, and after hearing from both sides.*" [Emphasis added.]

The court did not know on May 16, 1979, that the case had already been set for trial five days later.

On May 22, May 29, and June 1, 1979, petitioner himself wrote letters and a motion alleging prejudice by the delay in retrial, and asserting that he was ready for trial, and insisting that the habeas corpus order not be modified.

On June 1 and June 4, 1979, while the court was engaged in the trial of other cases, telephone messages were relayed by court personnel from attorneys for both sides, inquiring whether the time would be extended. Petitioner was demanding trial or release; the court did not have information justifying an extension; and nobody had filed a motion for extension as suggested in the correspondence and as required by the Federal Rules of Civil Procedure rule 7. The court did not even know whether the respondents were serious about wanting an extension, or would, in fact, ever file such a motion, and the court made no ruling as a result of the preliminary, informal, and noncommittal inquiries by the parties. At some time on June 4, 1979, someone in the attorney general's office did indicate that a motion would be filed, but it had not been filed when the court left Charlotte on June 5, 1979.

When the motion of respondents for extension was finally filed on the fifty-eighth day, June 6, 1979, enough information was available, and the motion was decided and denied by telephone within thirty minutes of the time the court was informed that a motion had actually been filed.

At the June 19, 1979 hearing, affidavits and contentions were offered that the assistant attorney general had misinterpreted the court's May 16, 1979 letter; that he had a heavy work load and had commitments elsewhere and that he had relied on the petitioner's lawyers to get the time extended for him. There was also evidence

that the prosecutor who had originally tried the case went on his honeymoon in late May.

It is widely known that this court respects conflicts in other courts, and especially respects vacations and honeymoons, and does not avoidably disregard them. Nevertheless, justice can be done without keeping one man in jail while others go on vacation—honeymoon or otherwise. The defendants are not the lawyers but the jailer and the State of North Carolina as a body politic. It is against the state rather than the lawyers that the petition is lodged, and from whose corporate errors petitioner seeks relief. There are several assistant attorneys general and several prosecutors, and neither is shown to be so indispensable in this case that his other plans should prevail for two months over petitioner's right to liberty or re-trial.

Therefore, the diligence of the assistant attorney general—or his lack of it—in moving for an extension of time for re-trial is neither controlling nor particularly relevant on the question now before the court, whether the State of North Carolina should release the prisoner when it had failed to re-try him in sixty days.

■■ The delay has not prejudiced the petitioner's defense in the event of a re-trial. Petitioner contended that he has been prejudiced in some way by the alleged disappearance of tangible evidence known to be in the custody of the state at the time of his original trial. The claimed disappearance, however, apparently occurred, if at all, well before the expiration of the sixty-day period for re-trial and, therefore, is not causally related to the delay attributable to the state. If petitioner has a defense based on wrongful failure to produce material and exculpatory evidence upon his timely demand, he may raise that point in state court and he must exhaust state court remedies with respect to that claim before it may be asserted by habeas corpus petition in this court. *See Pitchess v. Davis,* 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975). Moreover, petitioner's counsel asserted that petitioner has favorable witnesses as yet not located whom he is trying to find in other parts of the country. Any delay in the re-trial has simply given him more time to find these witnesses, and has not prejudiced him in that regard.

IT IS THEREFORE ORDERED:

1. That petitioner's motion for the writ of habeas corpus be modified into an absolute writ barring re-trial is denied.

2. The parties are reminded that the original writ under which petitioner remains unconfined on his personal recognizance is controlling on the question of custody until the conclusion of the re-trial in state court.