Samuel **BROWN**

v.

Thomas F. **KEOHANE, Jr.**

**Civ. A. No. 79–0724–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 17, 1979.

Samuel Brown, pro se.

**MEMORANDUM**

WARRINER, District Judge.

██ Samuel Brown, an inmate confined at the Federal Correctional Institution in Miami, Florida, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1970). The petitioner seeks the dismissal of an escape charge now pending in the Circuit Court of Prince George County on the ground that the Circuit Court and prosecutors of that County have failed to comply with his request for disposition of the charge within 180 days, as required under the Interstate Agreement on Detainers, 53 Va.Code Ann. § 304.1, Article III (1950).

The petitioner states that he filed a request for disposition of the escape charge on 23 June 1977. He claims he received no response whatsoever to this request. He then filed a second motion for disposition with the Clerk of the Circuit Court of Prince George County on 9 January 1979 and again received no reply. Finally, he filed a motion to dismiss the charge on 22 February 1979, but he claims the motion has been ignored.

The Interstate Agreement on Detainers, Article V, subsection (c) provides:

If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

The petitioner claims that he has moved for dismissal in accordance with this provision

but that he has not received a ruling from the Circuit Court. Under these circumstances, the petitioner should be required to seek enforcement of the Act in a higher State court before proceeding to federal court. Though there is no order from which to appeal to the Virginia Supreme Court, the petitioner could certainly apply to that Court for habeas review.

Because it finds that the petitioner has available State remedies in regard to his claim, the Court will not consider his petition at this time. The doctrine of exhaustion which applies in habeas actions requires that the precise claims asserted in federal court be previously litigated at all available levels of the State courts. *Pitchess v. Davis,* 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard v. Conner,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). This petition will therefore be dismissed. Such dismissal is without prejudice to the petitioner's right to refile his petition after exhausting his State remedies.

An appropriate order shall issue.