Terry Lee LACKEY, etc., Petitioner,

v.

James H. ROSE, etc., Respondent.

No. CIV-2-80-25.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 15, 1980.
On the Merits April 14, 1980.

Terry Lee Lackey, pro se.

Linda Ross Butts, Sr. Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM AND ORDER

NEESE, District Judge.

This is a *pro se* application by Mr. Terry Lee Lackey for the federal writ of habeas corpus. He claims he is in the custody of the respondent-warden pursuant to the judgments of October 19–21, 1977 of the Circuit Court of Cocke County, Tennessee in violation of the Constitution, Fifth and Fourteenth Amendments, Due Process Clause. 28 U.S.C. § 2254(a). The grounds of his claim are (1) that he was deprived of his right to a fair trial by prejudicial pretrial publicity (and the concomitant refusal of the trial judge to grant a change of venue); (2) that the trial judge was not impartial and declined to recuse himself; (3) that there was insufficient evidence to support the verdict returned against him; and (4) that the trial judge erred in failing to grant his motion for a mistrial.

Mr. Lackey claims also that he has exhausted the remedies available to him un-

---

der the laws of Tennessee in its courts, by presenting to those state courts the 4 questions he presents here. 28 U.S.C. §§ 2254(b), (c). The respondent hereby is

ORDERED to file an answer or other pleading within 43 days herefrom, certifying the true cause of the applicant's detention and showing any cause why the federal writ of habeas corpus should not be granted. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The noticed slow movement of the mail provides good cause for the additional time allowed. 28 U.S.C. § 2243, *supra*; Rule 81(a)(2), Federal Rules of Civil Procedure.

## ON THE MERITS

The petitioner asks this Court to grant him the federal writ of habeas corpus, contending that he is being held by the respondent-warden in violation of the Constitution, Fifth and Fourteenth Amendments, Due Process Clause.* 28 U.S.C. § 2254(a). The grounds advanced in support of this claim are (1) that he was deprived of his right to a fair trial by prejudicial pretrial publicity (and the concomitant refusal of the trial judge to grant a change of venue; (2) that the trial judge was not impartial and declined to recuse himself; (3) that there was insufficient evidence to support the verdict returned against him; and (4) that the trial judge erred in failing to grant his motion for a mistrial.

 " * * * [E]xhaustion of state remedies is required as a prerequisite to consideration of each claim sought to be presented in [a] federal habeas [corpus proceeding] * * *." *Pitchess v. Davis* (1975), 421 U.S. 482, 487, 95 S.Ct. 1748, 1751, 44 L.Ed.2d 317, 322[1]. Although, the applicant declared, under penalty of perjury, that all grounds raised in his petition have been raised previously " * * * in all state courts by direct appeal * * *," the uncontroverted record herein clearly shows this assertion to be

---

* The petitioner's motion for the appointment of counsel and for an evidentiary hearing hereby

is DENIED.

incorrect. Grounds 2 and 4, *supra*, were not presented by the petitioner to the Tennessee Supreme Court, and neither does it appear that they have been raised by means of post-conviction remedies.

" * * * The federal claim must have been presented to the highest court of the state, either on direct review of the conviction or in a post-conviction attack * * *." 17 Wright, Miller & Cooper, Federal Practice 629, § 4264; *accord: Deitch v. Maxwell*, C.A. 6th (1964), 337 F.2d 424; *Harris v. Maxwell*, C.A. 6th (1964), 337 F.2d 710. As to these two grounds, if, as he claims, Mr. Lackey had been denied his constitutional rights, and if his attorney failed to present these claims to the Tennessee Supreme Court, then the petitioner may be able to establish the ineffective assistance of such counsel. In that event, he might well be entitled to a delayed appeal to the Supreme Court of Tennessee, *see Campbell v. State*, C.A.Tenn. (1978), 576 S.W.2d 591, certiorari denied (1978), and *Moultrie v. State*, C.A. Tenn. (1976), 542 S.W.2d 835, certiorari denied (1976), or otherwise be entitled to obtain relief under the Tennessee Post-Conviction Procedure Act, T.C.A. §§ 40–3801 et seq. This Court will not consider these claims until the applicant has exhausted the remedies available to him in the state courts.

■ There is no merit to the first ground advanced. While a few of the jurors who sat on the case stated that they were aware of the reputation of the petitioner and/or some publicity surrounding the guilty plea of a codefendant, each stated that anything he or she had heard about the case would not affect his or her disposition of it, and that his or her decision would be based solely on the basis of the evidence introduced at trial.

It was not required that the jurors be " * * * totally ignorant of the facts and issues involved. * * *" *Murphy v. Florida* (1975), 421 U.S. 794, 799–800, 95 S.Ct. 2031, 2035, 44 L.Ed.2d 589, 594–959[3]; it was sufficient if the jurors could lay-aside his or her impression or opinion and render a verdict based on the evidence presented in court. *Idem.* Even " * * * extensive knowledge in the community of either the crimes or the putative criminal is not sufficient by itself to render a trial constitutionally unfair. * * *" *Dobbert v. Florida* (1977), 423 U.S. 282, 303, 97 S.Ct. 2290, 2303, 53 L.Ed.2d 344, 362[10].

The petitioner has directed this Court " * * * to no specific portions of the record, in particular the *voir dire* examination of the jurors, which would require a finding of constitutional unfairness as to the method of jury selection or as to the character of the jurors actually selected. * * *" *Idem.* This Court does not find that Mr. Lackey was deprived of his right to a fair trial because of any pretrial publicity or the failure of the trial judge to grant his motion for a change of venue. *See United States v. Johnson*, C.A. 6th (1978), 584 F.2d 148, 153 154 and *United States v. Gay*, C.A. 6th (1975), 522 F.2d 429, 432[4]; *cf. Goins v. McKeen*, C.A. 6th (1979), 605 F.2d 947.

■ The contention of the petitioner that the evidence was insufficient to support the verdict returned against him is absolutely without merit. While most of the evidence was circumstantial, the circumstances clearly pointed to Mr. Lackey as one of the perpetrators of these hideous crimes. In fact, one witness testified that, shortly after the time when the bomb must have been planted in Mrs. Stamey's automobile, Mr. Lackey himself stated that he had put dynamite in a woman's car and that his wife (and codefendant) said it was Mrs. Stamey's car. There was ample evidence from which the jury could have found the petitioner guilty of these crimes beyond a reasonable doubt. *See Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

The petition hereby is DENIED. Rule 58(1), Federal Rules of Civil Procedure. Should the applicant give timely notice of an appeal from the judgment to be entered herein, such notice shall be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. Such certificate will ISSUE. Rule 24(a), Federal Rules of Appellate Procedure; 28 U.S.C. § 1915(a).