Frederick TRIPPE and Carol
Trippe, Petitioners,

v.

CALAVITO, Warden, Rikers Island
Correctional Facility, Respondent.

Nos. 79 Civ. 6880, 79 Civ. 6705 (CBM).

United States District Court,
S. D. New York.

April 3, 1981.

Frederick Trippe and Carol Trippe, petitioners pro se.

Robert Abrams, Atty. Gen. of State of N. Y., New York City, for respondent; Charlotte C. Lee, New York City, of counsel.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Petitioners, Frederick and Carol Trippe, have petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 14, 1977, after a jury trial in the New York County Supreme Court, petitioners were convicted of falsifying business records in the first degree, offering a false instrument for filing in the first degree, grand larceny in the second degree, forgery in the third degree, and conspiracy in the third degree. Frederick Trippe was sentenced to an indeterminate term of from one to three years' imprisonment. Carol Trippe was sentenced to an indeterminate term not to exceed three years.

On appeal to the Appellate Division, First Department, both convictions were affirmed without opinion on October 19, 1978. *People v. Trippe*, 65 A.D.2d 532, 409 N.Y. S.2d 471 (1st Dept. 1978). The New York State Court of Appeals denied leave to appeal on December 12, 1978. *People v. Trippe*, 46 N.Y.2d 845 (1978).

Petitioners then moved to vacate their respective judgments of conviction on the ground of newly discovered evidence pursuant to CPL § 440.10, subd. 1(g). On August 1, 1979, that motion was denied in the Supreme Court, New York County, Trial Term: part 82. Finally, on March 4, 1979, petitioners petitioned for a writ of error *coram nobis* in the court of conviction, on the ground that the sentences were unlaw-ful. The petition was denied. Both petitioners are presently on parole.

## DISCUSSION

Petitioners raise several claims in support of their respective petitions for federal habeas relief: that there was improper participation by the trial court judge, in that he excessively questioned the witnesses to aid the prosecution; that the prosecution wrongfully withheld exculpatory notebooks which petitioners had surrendered under a subpoena *duces tecum*; that the prosecution wrongfully failed to disclose that its chief witness was an accomplice; that they received ineffective assistance of counsel at both the trial and appellate levels; that they were wrongfully denied a motion to vacate judgments on the grounds of newly discovered evidence; that the prosecutor wrongfully audited, examined and used as evidence, those documents surrendered under the grand jury's subpoena; and that the prosecutor knowingly permitted the false testimony of its principal witness.

### (1) Exhaustion

Section 2254 of 28 U.S.C. gives the court jurisdiction to entertain habeas petitions subject to the requirement that before relief is granted, all habeas corpus applicants must have exhausted all available state remedies. The Supreme Court in *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), held that the exhaustion of state remedies is required as a prerequisite to the consideration of each habeas corpus claim, and emphasized the underlying considerations:

If the exhaustion doctrine is to prevent "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution," *Ex Parte Royall*, supra, at 251 [117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868], it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts.

*Picard v. Connor*, *supra*, 404 U.S. at 275–76, 92 S.Ct. at 512–513; *accord, Pitchess v.*

*Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975).

Many of petitioners' claims were not presented to the New York appellate courts for review. This is failure to exhaust. *Picard v. Connor, supra*, 404 U.S. at 275–278, 92 S.Ct. at 512–513; *Preiser v. Rodriguez*, 411 U.S. 475, 490–95, 93 S.Ct. 1827, 1836–1839, 36 L.Ed.2d 439 (1973); *Pitchess v. Davis, supra*, 421 U.S. at 490, 95 S.Ct. at 1753. Specifically, these claims deal with the trial court's remonstrances of defense counsel (for which there were no objections raised at trial), and certain alleged improprieties on the part of the prosecutor: (1) that he improperly used subpoenaed materials; (2) that he generally abused his investigatory discretion; (3) that he failed to disclose the exculpatory statements of a witness (which petitioners do not claim were requested); and (4) that he knowingly permitted false testimony by a principal witness.[1] As justification for their failure to exhaust, petitioners contend that the court of conviction is biased towards them, and that a fair review is, therefore, not possible. Frederick Trippe's Petition at 5, 79 Civ. 6880 (December 27, 1979). Yet, petitioners offer nothing but this allegation, and fail to substantiate their claims or to provide the court with concrete proof of such bias. After a full review of the record, this court can reach no such conclusion.

Accordingly, the court will review only those claims in respect to which petitioners have exhausted the available state remedies: (1) that they were deprived of a fair trial by the trial court judge's excessive questioning of the witnesses in aid of the presentation; (2) that the prosecution withheld exculpatory material that was contained in the business records which petitioners surrendered under a subpoena *duces tecum*; (3) that they were wrongfully denied a motion to vacate judgment on grounds of new evidence; and (4) that their trial was unfair due to ineffective assistance of counsel.

### (2) Improper Judicial Conduct in the Trial Court

Petitioners point to the trial record to substantiate their claim that they were deprived of a fair trial by the trial court judge's alleged questioning of the witnesses to aid the prosecution. The standard of reviewing such a claim is well settled. "To sustain an allegation of bias as a ground for habeas relief a petitioner must demonstrate, that during the trial the judge assumed an attitude which went further than an expression of his personal opinion and impressed the jury as more than an impartial observer." *Glucksman v. Birns*, 398 F.Supp. 1343, 1350 (S.D.N.Y.1975). *See U. S. v. Aaron*, 190 F.2d 144, 146 (2d Cir. 1951); *U. S. v. Allied Stevedoring Corp.*, 241 F.2d 925, 934 (2d Cir. 1957). "A judge's participation during trial ... must never reach the point at which it appears clear to the jury that the court believes the accused is guilty." *U. S. v. Nazzaro*, 472 F.2d 302, 303 (2d Cir. 1973).

Though petitioners cite to the record to support their claim of prejudice, judged by this standard, they have failed to present sufficient evidence of improper judicial conduct to warrant a hearing. After reading the pertinent portions of the trial transcript, it is apparent that the testimony often became highly technical and confusing; dealing with such matters as bookkeeping, record keeping and accounting procedures, as well as describing the laboratory system used to test urine for the pres-

---

1. The petitioners claim that the prosecutor knew and failed to disclose that the principal witness was an accomplice. This claim was not presented to the New York appellate courts for review, and therefore is not cognizable by this court. However, it is closely related to an evidentiary claim, which petitioners raised in the state courts, that they were convicted on the basis of uncorroborated accomplice testimony in violation of New York City CPL § 60.22. Petitioners have not raised this claim in their petitions here. Yet, even if this claim were included in the petitions, this court would be precluded from review, for it is well established that questions of state substantive law are excluded from consideration in a federal habeas corpus proceeding. *Wainwright v. Sykes*, 433 U.S. 72, 81–82, 97 S.Ct. 2497, 2503–2504, 53 L.Ed.2d 594 (1977).

ence of opiates. It seems clear that in the cited instances the judge's purpose was to clarify the testimony in order to aid the jury's understanding of these procedures, to check the foundation of the witness' expertise to testify about them, or merely to check the relevance of an objectionable line of questioning.[2] In these respects the trial judge was acting well within legal bounds.

### (3) Prosecution Withheld Exculpatory Evidence

Petitioners claim that they were deprived of a fair trial because the prosecution allegedly withheld ten exculpatory notebooks, containing the petitioners' business records, which were surrendered under a subpoena *duces tecum*. At trial petitioners raised this same claim, alleging that the notebooks were included in the boxes of records surrendered under the subpoena, that the District Attorney had lost these notebooks, and that they were being denied a fair trial by not having them available. The State maintained that the notebooks had never been surrendered. During the course of the trial, a lengthy hearing was held to examine petitioners' allegations. The body of this hearing constitutes approximately 400 of the 1,500 page trial manuscript. At the conclusion of the hearing the court found as a matter of fact that there was no evidence to show that these notebooks were ever surrendered to the District Attorney. (Tr. 894–5). The court concluded that what was turned over were loose, unbound, technicians' worksheets which the People had introduced into evidence and which had been available to the defense. (Tr. 899).

■ The standard by which this court must review the determination of a state court, after a hearing on the merits of a factual issue, is provided by 28 U.S.C. § 2254(d).[3] As required by this section, the state court's findings are presumed to be correct until the petitioner has established that those findings are erroneous. *LaVallee v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973). The Supreme Court recently clarified the effect of Sec-

---

**2.** *See, e. g.*, Trial Transcript at 40–41, 57–58, 680–89, 674, 905–06, 938–40, 1062–63, 1323–27, 1438–41.

**3.** Section 2254(d) provides:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the fact-finding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional rights, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding;

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

tion 2254(d) on federal habeas review of state court criminal convictions in *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981):

> Federal habeas has been a source of friction between state and federal courts and Congress obviously meant to alleviate some of that friction when it enacted subsection (d). . . . But it is clear that in adopting the 1966 amendments, Congress in § 2254(d) intended not only to minimize that inevitable friction but to establish that the findings of the state court system "shall be presumed to be correct" unless one of seven conditions specifically set forth in § 2254(d) was found to exist, or unless the habeas court concludes that the relevant state determination is not "fairly supported by the record," "the burden shall rest upon the applicant to establish *by convincing evidence* that the factual determination by the state court was erroneous." (emphasis in original).

■ In the case at hand petitioners have failed to establish that the hearing in the trial court was deficient in any respect described in the seven exceptions to § 2254(d). An independent review of the record by this court reveals no such deficiency. Petitioners claim that the trial court's finding was against the weight of the evidence, and point to the record to show that Mr. Trippe's testimony stood uncontradicted in respect to his personal knowledge that the workbooks at issue were in the cartons turned over to the prosecution. The trial court, in its statement of findings made explicit reference to the quality and credibility of Mr. Trippe's testimony,[4] and accordingly the court gives "due regard . . . to the opportunity of the trial court to judge of the credibility of the witness." Fed.R.Civ.P. 52(a). Upon review, the record of the hearing fairly supports the trial court's determination, and without more, petitioners have failed to establish that the findings of that court are erroneous.

### (4) Motion to Vacate Judgments

■ Section 2254(d) similarly applies to petitioners' claim that they were wrongfully denied a motion to vacate judgments on the ground of newly discovered evidence, pursuant to CPL § 440.10, subd. 1(g).[5] This motion was denied on August 1, 1979, in the New York County Supreme Court, Trial term: Part 82.

The new evidence consisted of sworn allegations from two methadone center supervisors who were responsible for the intake of urine samples to be submitted to petitioners' laboratory. In their affidavits, these two officials alleged that the prosecution's principal witness had offered to enter into a criminal scheme with them for her own benefit. These affidavits were sought to be used to discredit this witness, and it was argued that this impeachment would have altered the jury's unfavorable verdict. The trial court judge saw no substantial possibility that a further taint of this witness in the eyes of a second jury would significantly benefit petitioners. Order and Decision at pages 1–3, Indictment No. 4008/76 (August 1, 1979).

---

4. After discussing the substance of Mr. Trippe's testimony, Judge Wallach commented:

    The quality of this testimony was different from that of a man who had surrendered records of his business, which he believed would prove his innocence, and now found them to be unavailable. At the very best, it was the dimmest kind of recollection without any of the precision that one would expect in this kind of circumstance.

    Trial Transcript at 896, *People of the State of New York v. Frederick Trippe, Carol Trippe* (April 22, 1977).

5. New York City CPL § 440.10 provides that:

    (1) At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that:

    (g) New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence.

With ample authority to support the decision, the trial court denied the motion on the grounds that new evidence merely tending to impeach or discredit the prior testimony of a prosecution witness is insufficient to vacate a judgment of conviction, except in those rare instances where the gravity of the impeachment goes to the capacity of the witness. The court found that the proposed impeachment was (1) entirely collateral; and (2) had, in substance, been fully before the jury in the original trial. The trial court further found that the threshold requirements of CPL § 440.10, subd. 1(g) had not been met, in that due diligence in preparing the defense on the first trial would have revealed the existence of the witnesses who were known as business sources. The judge also made known his belief that the application was made as an afterthought after the unsuccessful exhaustion of other dilatory tactics seeking a stay of execution of the sentences. Order and Decision at 3, 4, Indictment No. 4008/76 (August 1, 1979).

■ It is well settled under New York law that the power to grant an order for a new trial, based upon newly discovered evidence, is purely statutory and may be exercised in the discretion of the trial court when the requirements of CPL § 440.10 have been satisfied. *People v. Powell*, 102 Misc.2d 775, 424 N.Y.S.2d 626 (1980). Though petitioners claim that their motion was denied without a hearing, Section 2254(d) "does not specify any procedural requirements that must be satisfied for there to be a 'hearing on the merits of a factual issue,' other than the habeas applicant and state or its agent be parties to the state proceeding and that the state court determination be evidenced by 'a written finding, written opinion, or other reliable and adequate written indicia.'" *Sumner v. Mata, supra*, 449 U.S. at 546, 101 S.Ct. at 769. These requirements were clearly satisfied by the written order and decision in which the judge fully explained his refusal to accept petitioners' contentions, and since it does not appear that the trial court's factual determination was erroneous, the claim is dismissed.

(5) Ineffective Assistance of Counsel

 Petitioners challenge the quality of the work done by their chosen attorneys at both the trial and appellate levels. To sustain such a claim it must appear that representation was "so woefully inadequate as to shock the conscience of the court, and made the proceedings a farce and mockery of justice." *United States v. Yanishefsky*, 500 F.2d 1327 (2d Cir. 1974). In this light, a review of the record makes it appear that respective counsel conducted a vigorous defense, and adequately presented petitioners' claims to the state courts. Though petitioners may be displeased with the result of their efforts, this claim must also be dismissed.

SO ORDERED.