810 F.2d 202
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald McWILLIAMS, Plaintiff-Appellant,
v.
Billy MCWHERTER, Warden Lake County Regional Prison,
Defendant-Appellee.
 Nos. 86-5628, 86-5714.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1986.
 
 Before KENNEDY, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court on appeal from the district court's dismissal of petitioner's application for writ of habeas corpus. In Case No. 86-5628, petitioner has appplied to this Court for a certificate of probable cause pursuant to Rule 22(b), Federal Rules of Appellate Procedure. In Case No. 86-5714, petitioner appeals from the order of the district court which denied petitioner's motion for a certificate of probable cause. The certified record has been received on appeal and petitioner has moved this Court for appointment of counsel.
 
 
 2
 A review of the record and petitioner's allegations reveals that petitioner failed to exhaust his state court remedies on the grounds raised in his petition for writ of habeas corpus as required by 28 U.S.C. § 2254. Petitioner's application for a certificate of probable cause in Case No. 86-5628 must therefore be denied. Rose v. Lundy, 455 U.S. 509 (1982); Pitchess v. Davis, 421 U.S. 482 (1975); Picard v. Connor, 404 U.S. 270 (1971).
 
 
 3
 The district court's order which denied petitioner's motio for a certificate of probable cause is not a final decision from which an appeal may be taken pursuant to 28 U.S.C. § 1291. The appeal in Case No. 86-5714 must therefore be dismissed as taken from a non-appealable order. Catlin v. United States, 324 U.S. 229 (1945).
 
 
 4
 Accordingly, it is ORDERED that the application for certificate of probable cause in Case No. 86-5628 is denied, the appeal in Case No. 86-5714 is dismissed, and the motion for appointment of counsel is denied as moot.