**In the Matter of Henry G. WOOD, Petitioner/Movant,**

v.

**UNITED STATES of America, Respondent.**

No. 4:CR–90–0276.
No. 4:CV–93–0031.

United States District Court,
M.D. Pennsylvania.

Aug. 18, 2000.

Henry G. Wood, petitioner/movant pro se.

## ORDER

McCLURE, District Judge.

**BACKGROUND:**

On August 15, 2000, Henry G. Wood, appearing *pro se,* filed a motion "pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to reopen and correct the inadverdant [sic.] error made by this court on November 30, 1993 dismissing his *pro se* motion to vacate, set aside or correct sentence pursuant to Title 28 U.S.C. § 2255." As this motion relates to § 2255 proceedings, the court will give it the initial consideration required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Wood's recitation of the procedural history of his case appears to be substantially accurate.[1] He was indicted on October 4, 1990 for delivering 2.69 grams of heroin to his brother, Walter Wood, an inmate at the United States Penitentiary, Lewisburg, Penitentiary. On May 13, 1991, following a jury trial, he was found guilty of the charges and then sentenced on October 4, 1991 to a period of 210 months imprisonment, followed by a three-year term of supervised release. The judgment of conviction and sentence was affirmed on direct appeal on or about June 23, 1992 by the United States Court of Appeals for the Third Circuit.

Subsequently, defendant, acting *pro se,* filed his first motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, which motion was denied by this court on November 30, 1993. Wood contends that the Bureau of Prisons then placed him in transit for approximately three and one-half months, "frustrating his right to file a timely appeal."

On or about April 25, 1996, Wood filed a counseled motion under 28 U.S.C. § 2255. On May 24, 1996, that motion was rejected on the grounds that it was a "second or

---

1. We have here relied upon Wood's procedural recitation, corroborating where possible with the court's pre-computer docket sheet. We have not attempted to verify the proceedings in the District of Colorado.

successive" motion requiring certification as provided in Section 2244 by a panel of the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2255. On or about September 10, 1997, the Third Circuit denied Wood's request for such certification.[2]

Wood continued his efforts by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the District of Colorado, which petition was denied on January 8, 1999. The Tenth Circuit affirmed the district court's action.

The court finds that no purpose would be served by attempting to review the merits of Wood's motion. His current effort to obtain relief from the judgment of conviction and sentence is a transparent effort to do an end run of the limitations provided by law with respect to Section 2255 motions. It is clear to the court that this motion is nothing more than a third motion under Section 2255, which must be rejected as was the second one, due to the lack of jurisdiction of the district court absent certification by the court of appeals. Not only is this motion a "successive motion," but it also necessarily fails because of the one-year period of limitation now contained in Section 2255.

Rule 60(b)(6) of the Federal Rules of Civil Procedure reads in material part as follows:

> On motion and upon such terms as are just, the court may relieve the party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time....

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts reads as follows:

If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

Therefore, the court has discretion as to which of these rules to apply to a Section 2255 proceeding, provided to do so would not be inconsistent with the specific § 2255 rules or "any applicable statute." The "applicable statute" in this case is Section 2255 itself. It would clearly thwart the intent of Congress in providing limitations upon second or successive Section 2255 motions if the court were even to consider reopening this matter under Fed.R.Civ.P. 60(b)(6). Cf. *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975), holding that Fed.R.Civ.P. 60(b) should not be applied in a habeas case when it would have the effect of altering the statutory exhaustion requirement of 28 U.S.C. § 2254.

Therefore, as Wood's motion is clearly a third motion under 28 U.S.C. § 2255, the court has no jurisdiction to consider it absent certification from the Third Circuit Court of Appeals, and the motion would be barred as well by the one year limitation period set forth in Section 2255.

**NOW, THEREFORE, IT IS ORDERED THAT:**

The motion of Henry G. Wood, filed August 15, 2000, purportedly under Fed. R.Civ.P. 60(b)(6) to reopen his motion to vacate, set aside or correct sentence pursuant to Title 28 U.S.C. § 2255 is deemed a successive § 2255 motion, and is denied for lack of subject matter jurisdiction.

---

**2.** This court's docket sheet does not reflect the 1996 activity in this court as recited by Wood, but does show the September, 1997 action of the Third Circuit. We have not requested the file from the record center, as it is not needed for disposition of this motion.