**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAUSTEVEION DELANO JOHNSON,

Petitioner - Appellant,

v.

DWIGHT NEVEN, Warden and
ATTORNEY GENERAL OF THE STATE
OF NEVADA,

Respondents - Appellees.

No. 12-16844

D.C. No. 2:08-cv-01363-JCM-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 5, 2013
Seattle, Washington

Before: KOZINSKI, PAEZ, and BERZON, Circuit Judges.

Lausteveion Delano Johnson appeals the district court's judgment denying

his petition for habeas relief under 28 U.S.C. § 2254. The district court dismissed

Johnson's petition for failure to exhaust, concluding that Johnson's state habeas

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

petition and his untimely appeal of the denial of that petition, among other attempts at securing post-conviction relief, did not "fairly present" his claims to the Nevada state courts, and therefore that he still had a state remedy available to him.[1]  We conclude that the district court erred with respect to Grounds One, Two, and Four, and reverse and remand for further proceedings.

"A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim."  *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (internal citations omitted).  Johnson presented Grounds One, Two, and Four of his amended federal habeas petition to the Nevada courts, through a habeas petition, the proper vehicle, filed in state district court which he untimely appealed to the Nevada Supreme Court, the proper forum.  The petition provided the factual and legal bases for these three claims.  Therefore, Johnson fairly presented Grounds One, Two, and Four.

---

[1]In addition to arguing that Johnson's state habeas petition was procedurally inadequate, the State argued before the district court that the facts and law that Johnson presented in his federal petition were not sufficiently similar to those he presented in his state petition to constitute fair presentation.  The district court did not address this second argument, and, as the State has not raised it on appeal, it is waived.

The Nevada Supreme Court, however, did not review Johnson's claims, because Nevada law deprives it of jurisdiction over untimely appeals. *Lozada v. State*, 871 P.2d 944, 946 (1994). The late appeal does not mean that Johnson did not fairly present these claims, but only that these claims are "procedurally barred under the independent and adequate state ground doctrine, which prohibits federal habeas review 'when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.'" *Correll v. Stewart*, 137 F.3d 1404, 1417 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). We therefore agree with Johnson that his untimely appeal resulted in a procedural default of Grounds One, Two, and Four, and that no further exhaustion is required.

However, Johnson did not fairly present Ground Three of his federal petition, as he presented that claim exclusively through an extraordinary writ petition. *See Pitchess v. Davis*, 421 U.S. 488, 490 (1975). Johnson argued before the district court that he can show cause and prejudice under the federal standard. He can therefore argue cause and prejudice to the Nevada state court, as "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical," and a finding of cause and prejudice would excuse his state procedural default. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).

3

Because relief remains available from the Nevada state court, Ground Three is unexhausted.

Johnson's federal habeas petition is therefore a mixed petition. We remand to the district court so that it may consider whether to stay and abey Johnson's federal petition while he pursues state relief on Ground Three. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Should it conclude that Johnson cannot meet the *Rhines* test, the district court should offer Johnson the opportunity to amend his federal habeas petition to dismiss Ground Three. *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009).

**REVERSED AND REMANDED.**