**Ex parte Enoc Garza OLIVARES, Applicant.**

**No. AP–75515.**

Court of Criminal Appeals of Texas.

Sept. 27, 2006.

Enoc Garza Olivares, pro se.

Cheryl Hole, Assistant District Atty., Edinburg, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

KEASLER, J., delivered the opinion of the Court in which KELLER, PJ., PRICE, HERVEY, and HOLCOMB, JJ., joined.

Enoc Garza Olivares was charged by indictment with three offenses. Count One alleged that he committed aggravated assault on a peace officer. Count Two alleged that he evaded arrest or detention with a motor vehicle. And Count Three alleged that he committed theft of property in amount of $1,500 or more but less than $20,000. Olivares pled guilty to Counts Two and Three. In accordance with his plea agreement with the State, Olivares received a sentence of two years' confinement for each count, to be served in the State Jail Division of the Texas Department of Criminal Justice. Olivares did not appeal.

On October 7, 2005, Olivares filed this application for a writ of habeas corpus in the trial court, alleging that he is entitled to time credit for time spent in custody before he was sentenced. The trial judge entered "FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION AND ORDER." The trial judge determined that: (1) "Time credit is not a proper subject for post-conviction habeas corpus relief" and (2) "Applicant is not entitled to time credit for the time spent in the Hidalgo County Jail between his arrest and sentencing, since he waived that credit as a part of the plea bargain agreement into which he entered in return for the State's recommendation of a two-year state jail sentence." The trial judge then recommended "that the relief requested by Applicant be, in all things, denied."

We remanded the application because we determined that the trial judge's factual findings were not supported by the record. We stated: "Time credit questions are often the subject of post-conviction habeas corpus review" and "the record does not contain anything to show that Applicant affirmatively waived his right to pre-sentencing jail time credit as a condition of his plea agreement." We therefore ordered the trial judge to "make findings as to whether Applicant expressly and affirmatively waived the right to pre-sentencing jail time credits as a condition of his plea agreement." We also ordered the trial judge to "supplement the record with a copy of the plea agreement showing the waiver" if he found "that Applicant did expressly waive his pre-sentencing jail time credits in exchange for the maximum state jail punishment. . . ."

In response to our order, the trial judge filed "SUPPLEMENTAL FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER," stating: "Because there was no written plea agreement in the case, a copy of the Reporter's Record of the plea hearing in question has been included as a supplement to the record of this case." The trial judge then set forth the following excerpt from the transcript of Olivares's guilty plea hearing:

> MR. ORENDAIN [Prosecutor]: To Count Two and Three we're asking that he be confined for a period of two years in the Institutional Division of the Texas Department of Criminal Justice. And that Count One be considered unadjudicated in Count Two. And that he not be credited any time served in the Hidalgo County jail.
>
> THE COURT: Enoch [sic] Garza Olivares, is this your understanding of the plea bargain? Counts Two and Three

are two years to serve with no credit for time spent in jail. Count One—

THE INTERPRETER: No credit?

THE COURT: No credit, zero credit. And Count One is unadjudicated into Count Two.

THE DEFENDANT: Yes.

THE COURT: This is your plea bargain? You're asking me to accept and approve it? And you understand everything therein contained?

THE DEFENDANT: Yes.

THE COURT: Counselor, is this the totality of the plea bargain?

MR. GARZA [Defense Counsel]: Yes, it is, Your Honor.

The trial judge found that "[t]he transcript of the plea hearing in this case below shows that Applicant expressly and affirmatively waived the right to pre-sentencing jail time credits as a condition of his plea agreement." As a result, the trial judge again recommended that relief be denied. We agree with the trial judge's recommendation, and conclude that Olivares is not entitled to relief.

Our purpose in writing today, however, has nothing to do with the issue raised by Olivares. Instead, we find it necessary to address the trial judge's offensive handwritten note to the members of this Court that appears at the end of the judge's "SUPPLEMENTAL FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER." The note reads as follows:

*To the Justices of said Court.*

What part of *zero time—No jail time credit* does t[he] Appellate Court or the Clerk thereof not understand?

This is a terrible *waste* of time, effort and money.

First, the statement is unnecessary; it contributes nothing to the legal issue before us. Second, and most importantly, it is highly unprofessional. When a judge chastises other members of the judiciary in this manner, it not only reflects poorly on the judge, it undermines the integrity of the justice system. The words of Supreme Court Justice Kennedy are particularly appropriate here:

> The collegiality of the judiciary can be destroyed if we adopt the habits and mannerisms of modern, fractious discourse. Neither in public nor in private must we show disrespect for our fellow judges. Whatever our failings, we embody the law and its authority. Disrespect for the person leads to disrespect for the cause.[1]

If public respect for the judiciary is to be maintained, it must begin from within.

With that said, we also note that to avoid the need for remand, such as the one in this case, it is imperative for trial judges to ensure that the habeas record includes any available documents that support its findings of fact.[2]

Because we have already determined that Olivares is not entitled to relief, we deny his application for a writ of habeas corpus.

WOMACK, JOHNSON, and COCHRAN, JJ., concurred in the result.

MEYERS, J., not participating.

---

**1.** Anthony M. Kennedy, *Judicial Ethics and the Rule of Law,* 40 St. Louis L.J. 1067, 1072 (1996).

**2.** *See Ex parte Bagley,* 509 S.W.2d 332, 335 (Tex.Crim.App.1974) ("This Court is not bound by the findings of the trial court in a habeas corpus proceeding and may make contrary findings when the record will not support the trial court's findings.").