IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1203-06






JEREMY PAUL COLLINS, Appellee



v.



THE STATE OF TEXAS





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


KAUFMAN COUNTY






 Meyers, J., delivered the opinion of the Court, in which Keller, P.J.,
and Price, Womack, Johnson, Keasler, Hervey, and Cochran, JJ., joined. 
Holcomb, J., filed a dissenting opinion.



O P I N I O N 



 Appellee, Jeremy Paul Collins, pleaded guilty to possession of more than four, but
less than two hundred, grams of methamphetamine, a second-degree felony. Tex. Health
& Safety Code Ann. §481.115(d). Pursuant to a plea agreement accepted by the court,
Appellee was sentenced to five years' confinement with 34 days of pre-sentence jail-time
("back-time"). He did not file a motion for new trial or appeal from his conviction. 
Appellee filed an application for writ of habeas corpus or motion for judgment nunc pro
tunc. The trial court rendered judgment nunc pro tunc granting Appellee an additional 271
days of back-time credit. The State appealed the judgment nunc pro tunc, and the court of
appeals vacated the trial court's judgment nunc pro tunc and reinstated the original
judgment. State v. Collins, No. 05-05-01057-CR, 2006 Tex. App. LEXIS 2886 (Tex. App.
- Dallas April 11, 2006) (mem. op., not designated for publication). We granted
Appellee's petition for discretionary review to determine whether the court of appeals had
jurisdiction over the state's appeal and whether it was proper for a trial court to award back-time credit by judgment nunc pro tunc. We affirm the decision of the court of appeals.


FACTS


 On September 11, 2003, Appellee was pulled over for not having a license-plate
lamp. During this traffic stop, it was also discovered that Appellee had no liability
insurance. Appellee gave the detaining police officer consent to search the vehicle and the
officer found an unlicensed .45 caliber handgun. Appellee was arrested and asked if he had
any other illegal items on him, which he denied. Appellee was transported to the Kaufman
County Law Enforcement Center, where he underwent a routine strip search. While
removing his clothing, a small package containing what was later determined to be crystal
methamphetamine fell out of his underwear. The State obtained an indictment charging
Appellee with both possession of methamphetamine and possession of a controlled
substance in a correctional facility.

 In exchange for a guilty plea to the possession of a controlled substance charge,
Appellee agreed to a sentence of 5 years confinement, a fine of $4,000, payment of
restitution in the amount of $140, and time credit of 34 days. Prior to the acceptance of
the plea by the court, Appellee was informed of the conditions of the plea bargain. 
Appellee acknowledged that he knew his rights and that the conditions read aloud in court
conformed to his understanding of the plea agreement. (1) The 34 days of back-time were
specifically included in the State's recommendation to the judge, and the judge also
reiterated the 34 days of back-time when he pronounced sentence. In addition to the oral
pronouncement of sentence, the 34 days of back-time are contained in the Agreed Plea
Recommendations and Admonishments signed by Appellee.

 Appellee did not file a motion for new trial or appeal his conviction. Appellee filed
an Application for Writ of Habeas Corpus or Motion for Judgment Nunc Pro Tunc after the
plenary power of the trial court had already expired. (2) The trial court held a hearing,
rendered Judgment Nunc Pro Tunc, and granted Appellee 271 additional days of back-time
that he accrued while in custody in Louisiana under a detainer placed upon him by Kaufman
County. The State appealed the judgment nunc pro tunc.

 Citing Smith v. State, 15 S.W.3d 294 (Tex. App. - Dallas 2000, no pet.), the State
argued that the district court did not have jurisdiction to render judgment nunc pro tunc to
award Appellee additional back-time because there was no clerical error. The court of
appeals determined that it had jurisdiction to hear the State's appeal because the State could
appeal an order that reduced the defendant's sentence and was signed after the trial court's
plenary power had expired. It also held that the trial court did not have jurisdiction to
render judgment nunc pro tunc to modify a judgment because there was a plea bargain
between the parties. Thus, there was no "clerical error" in the original judgment. The Court
of Appeals vacated the trial court's modified judgment, and reinstated the original
judgment.

 Appellee filed a petition for discretionary review asking us to consider whether the
Court of Appeals had jurisdiction to hear the State's appeal of the judgment nunc pro tunc;
and if a trial court may correct a judgment as to back-time credit by a judgment nunc pro
tunc.

DISCUSSION

Jurisdiction of the court of appeals

 We agree that the Court of Appeals did have jurisdiction to hear the State's appeal in
this case. The State may appeal an order of the trial court if the "order modifies the
judgment." Tex. Crim. Proc. Code Ann. art. 44.01(a)(2). Appellee unduly emphasizes
that the judgment nunc pro tunc did not alter Appellee's "sentence." We held in State v.
Gutierrez, 129 S.W.3d 113 (Tex. Crim. App. 2004), that the State may appeal an order that
reduces a defendant's sentence, but the language of the statute is clear that the State may
appeal any order that modifies a "judgment." The sentence is an integral portion of the
judgment, but it is just a portion. Article 42.01, §1(18), of the Texas Code of Criminal
Procedure includes "credit for time served" as an element of the judgment. In addition, we
stated in State v. Ross, 953 S.W.2d 748 (Tex. Crim. App. 1997), that "a sentence is nothing
more than the portion of the judgment setting out the terms of the punishment." Id. at 759. 
Therefore, an order that modifies the amount of back-time received by a defendant via an
improperly granted judgment nunc pro tunc may be appealed by the State.

The award of back-time by judgment nunc pro tunc

 A judgment nunc pro tunc is the appropriate avenue to make a correction when the
court's records do not mirror the judgment that was actually rendered. Alvarez v. State,
605 S.W.2d 615, 617 (Tex. Crim. App. 1980). This means that a trial court can fix a
clerical error in the record, but only errors that were not the result of judicial reasoning are
considered clerical errors that can be fixed by a nunc pro tunc order. Ex parte Poe, 751
S.W.2d 873, 876 (Tex. Crim. App. 1988). The trial court cannot, through a judgment nunc
pro tunc, change a court's records to reflect what it believes should have been done. Ex
parte Dopps, 723 S.W.2d 669, 371 (Tex. Crim. App. 1986) (citing Chaney v. State, 494
S.W.2d 813, 814 n.1 (Tex. Crim. App. 1973); Villareal v. State, 590 S.W.2d 938, 939
(Tex. Crim. App. 1979). "Thus, before a judgment nunc pro tunc may be entered, there must
be proof that the proposed judgment was actually rendered or pronounced at an earlier
time." Wilson v. State, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984). It is clear from the
record of the trial court that there was no clerical error that this judgment nunc pro tunc
was correcting. The written judgment perfectly matches the judgment pronounced in court. 
The judge exercised judicial reasoning when he chose to accept the recommendation of the
State and allow the terms of the plea bargain to control, and he entered judgment in
accordance with these terms. Therefore, a judgment nunc pro tunc is not the proper remedy
for the failure to award additional back-time in this circumstance.

 Appellee refers to one court of appeals that said a failure to credit a defendant with
pre-sentence jail-time spent in another jurisdiction is a violation of a ministerial duty. See
In re Daisy, 156 S.W.3d 922 (Tex. App. - Dallas, 2002). In light of the facts of this case,
we disagree. In State ex rel. Hill v. Court of Appeals for the Fifth District, 34 S.W.3d
924, 927 (Tex. Crim. App. 2001), we said that an act is not ministerial if a judge must
exercise discretion or resolve conflicting legal claims. We also explained that in order for
an act to be considered ministerial, the one making the request must have a clear legal right
that is so obviously spelled out that the judge would not have any discretion about whether
or not to perform the duty. Id. at 927-928.

 In Ex parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004), we held that the
judge's failure to award all of the defendant's pre-sentence jail-time when he pronounced
sentence could be corrected by a judgment nunc pro tunc. In Ybarra, there was no plea
bargain in place, and therefore he was entitled to the amount of back-time that the statute
provided. An incorrect calculation of the amount of back-time awarded to a defendant, or
the omission of any statutory back-time in the judgment can be adjusted by a motion for
judgment nunc pro tunc; however, that is not what occurred in this case.

 The distinction between Ybarra and Appellee's situation is that, in this case, there is
a controlling plea bargain. Code of Criminal Procedure Article 1.14(a) says that a
"defendant in a criminal prosecution for any offense may waive any rights secured him by
law except that a defendant in a capital felony case may waive the right of trial by jury only
in the manner permitted by Article 1.13(b) of this code." (emphasis added.) In Ex parte
Olivares, 202 S.W.3d 771 (Tex. Crim. App. 2006), we held that a defendant may
affirmatively waive his right to pre-sentence jail-time credit by entering into a plea bargain
with the state, if the facts on record support that a waiver occurred. The question before
this court now is not whether Appellee affirmatively waived his rights to the back-time
credit, nor is there even an assertion that the plea bargain was not entered into knowingly
and voluntarily. An appeal from a judgment nunc pro tunc would not be the correct
procedure for deciding such an issue. However, the ability of a defendant to enter into a
plea bargain and waive his right to back-time is important because it demonstrates that
Appellee did not have a clear automatic legal right to the pre-sentence credit. As explained
above, the act of accepting the recommendation of the State in a plea bargain required the
judge to exercise judicial discretion, and when granting the judgment nunc pro tunc, the
judge employed judicial reasoning when determining whether he was bound by the terms of
the plea bargain. This was not simply a miscalculation in the number of days of back-time
to be awarded, or a mistake in the transcription of the judgment into the court records. 
Each judge had to make specific determinations as to what Appellee was entitled, and
therefore, no ministerial act was implicated.

 Appellee further argues that if we affirm the decision of the court of appeals, then
there will be an added burden and delay in the plea-bargaining process, resulting from
defendants being required to get their documents from other jurisdictions before a plea
may be entered or the trial judge can sign the judgment. This argument is unconvincing. 
While efficiency of the court is certainly a concern, Appellee fails to recognize that a
defendant could simply negotiate to receive full statutory pre-sentence jail-time credit as
an element of the plea bargain. (See Ex parte Jasper, 538 S.W.2d 782 (Tex. Crim. App.
1976), awarding additional pre-sentence jail-time credit calculated in accordance with
Article 42.03, § 2, of the Texas Code of Criminal Procedure as a result of a plea bargain.) 
As we mentioned above, when Appellant accepted the plea, there was no mention of the
possibility of additional back-time credit. If Appellant had negotiated to receive this, then
entry of the final calculation of back-time could have been accomplished by judgment nunc
pro tunc. Furthermore, if the amount of pre-sentence jail-time was not a negotiated term of
a plea bargain, the statute would apply and the defendant would be entitled to all statutory
back-time. By accepting the plea bargain with 34 days of credit, Appellee waived his
statutory right to the time served in another jurisdiction.

CONCLUSION

 The Court of Appeals properly determined that it had jurisdiction to hear the state's
appeal and that the trial court did not have authority to modify Appellee's judgment. 
Appellee waived his right to statutory back-time when he entered into the plea bargain with
the State. The judgment of the Court of Appeals is affirmed.


 Meyers, J.

Delivered: November 21, 2007

Publish
1. The following is the discussion related to the acceptance of the plea bargain found in the
record:

 [The Court]: All right. Is there a plea bargain in Number 22398-422?

 [The State]: Yes, Your honor. In exchange for a plea of guilty, the State recommends five
years confinement in the Texas Department of Criminal Justice Institutional Division, a $4,000 fine,
court costs in the amount of $221.25, restitution to the Texas Department of Public Safety in the
amount of $140 with the Defendant to receive credit to his sentence in the time period of 34 days.

 [The Court]: All right. Mr. Collins, is that your understanding of the plea bargain?

 [The Defendant]: Yes, sir.

 [The Court]: And Mr. Pruitt, is that your understanding?

 [Defense Counsel]: It is, Judge.

 [The Court]: Do you persist, Mr. Collins, in entering your plea?

 [The Defendant]: Yes, sir.
2. We have suggested in past cases that a trial court has plenary power to modify or rescind its
order if a motion for a new trial or a motion in arrest of judgment is filed within 30 days of sentencing. 
Swearingen v. State, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006); State v. Aguilera, 165 S.W.3d
695, 697-98 (Tex. Crim. App. 2005).