IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





No. PD-1203-06
 



 


JEREMY PAUL COLLINS, Appellee



v.



THE STATE OF TEXAS





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 05-05-01057-CR FROM THE FIFTH COURT OF APPEALS


KAUFMAN COUNTY







Holcomb, J., filed a dissenting opinion.



 I respectfully dissent from the majority's holding that appellee waived his statutory right to back-time (pre-sentence jail-time) credit when he plea bargained with the State. It is undisputed that appellee
was entitled to this credit under the Texas Code of Criminal Procedure, article 42.03, section 2(a )(1). The
State's only argument is that when appellee bargained for a specific time-credit of 34 days in the plea
agreement, he waived the additional back-time credit of 271 days to which he was also statutorily entitled. 
The State cites Olivares v. State, 202 S.W.3d 771, 773 (Tex. Crim. App. 2006), for the proposition that
a defendant, in a plea-bargain case, may "affirmatively waive his right to pre-sentencing jail-time credit as
a condition of his plea agreement." State's Br. at 9. In Olivares, however, appellee had expressly waived
his right to such credit. (1) In contrast, the record in the present case is silent about the additional credit. The
State also argues that appellee, in the "Agreed Plea Recommendation and Admonishments," had waived
"any and all rights" secured to him by law. But the cited portion of the record consists of a generic, "boiler-plate" list of recommendations, stipulation, waivers, etc., without specifically mentioning any waiver of
back-time credit. I believe that appellee, like Olivares, must specifically waive such credit in the plea
agreement before he can be denied that statutorily mandated right.

 The majority's conclusion is based on the presumption that appellee had a plea agreement that he
would receive only 34 days' credit for pre-trial confinement, even if he was legally entitled to receive more. 
This was a rebuttable presumption, however, created only by the fact that appellee had signed an
agreement that he would receive 34 days of credit. (2) But appellee subsequently filed a motion for nunc pro
tunc informing the trial court that he had been confined in Louisiana for 271 days, with a detainer lodged
by the State of Texas for the present offense, and asked the trial court to take the credit for that
confinement into consideration. (3) At that point, the question of the precise number of days which appellee
was legally entitled to receive as back-time credit became a question of fact that the trial court resolved in
appellee's favor, indicating that it did not consider the back-time credit to be a part of the plea agreement. 
It is important to note that the trial court did not make any findings of fact. In the absence of such findings,
we must "view the evidence in the light most favorable to the trial court's ruling" and sustain its decision if
it is "correct on any theory of law applicable to the case." State v. Ross, 32 S.W.3d 853, 855-56 (Tex.
Crim. App. 2000). We must, therefore, defer to the trial court's implicit finding in this case that appellee
had not waived the additional back-time credit to which he was statutorily entitled.

 Finally, I would like to point out that in Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App.
2004), we held that if the court fails to grant the defendant pre-sentence jail-time credit at the time of
sentencing, it "has the authority to correct the judgment to reflect the appropriate time credit by nunc pro
tunc order and should do so." Id. at 148 . See also Tex. R. App. P. Rule 23.2 (allowing the trial court
to use nunc pro tunc proceedings to give the defendant statutorily mandated back-time credit). We also
noted our prior holding that "matters which may be raised and resolved by nunc pro tunc proceedings
should not be considered by way of writ of habeas corpus." Ybarra, 149 S.W.3d at 148. In short, our
holding in Ybarra indicates that any failure to award back-time credit can and should be corrected by nunc
pro tunc proceedings.

 The majority attempts to distinguish Ybarra from the present case by noting that there was no plea
bargain involved in that case. See ante, slip op. at 7. As I pointed out earlier, however, the record does
not indicate that the back-time credit was a part of the plea agreement in the present case either. 
Moreover, the trial court's action granting appellee the requested additional credit confirms this assumption. 
As such, Ybarra controls this case and, under Ybarra, the trial court correctly used the nunc pro tunc
proceedings to grant appellee the total number of back-time credit to which he was legally entitled.

 In light of all the above considerations, I respectfully dissent.


FILED: NOVEMBER 21, 2007

PUBLISH
1. See Olivares, 202 S.W.3d at 772-72:


 PROSECUTOR: To Count Two and Three we're asking that he be confined for a
period of two years in the Institutional Division of the Texas Department of Criminal
Justice. And that Count One be considered unadjudicated in Count Two. And that he
not be credited any time served in the Hidalgo County Jail.

 

 THE COURT: Enoch [sic] Garza Olivares, is this your understanding of the plea
bargain? Counts Two and Three are two years to serve with no credit for time spent in
jail. Count One --

 

 THE INTERPRETER: No credit?

 

 THE COURT: No credit, zero credit. And Count One is unadjudicated into Count
Two.

 

 THE DEFENDANT: Yes.

 

 THE COURT: This is your plea bargain? You're asking me to accept and approve it? 
And you understand everything therein contained?

 

 THE DEFENDANT: Yes.

 

 THE COURT: Counselor, is this the totality of the plea bargain?

 

 DEFENSE COUNSEL: Yes, it is, Your Honor.


Thus, the "trial judge found that '[t]he transcript of the plea hearing in [the] case below show[ed] that
Applicant expressly and affirmatively waived the right to presentencing jail time credits as a condition of
his plea agreement,'" id. at 773, and we agreed with the trial judge's recommendation that Olivares
was not entitled to relief. Id.
2. Presumably, these 34 days constituted the time appellee had served in Kaufman County,
Texas, after he was extradited here from Louisiana.
3. The State does not contest the fact that a detainer was filed, nor that appellee had served 271
days in Louisiana after the detainer was filed until he was extradited to Texas.