RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 21 2015

Abel Acosta, Clerk

83,591-01

No. 1186977-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 185th DISTRICT COURT |
| | § | OF |
| REYNALDO AMAYA | | |
| (Applicant) | § | HARRIS COUNTY, TEXAS |

**APPLICANT'S OBJECTION AND DENIAL TO THE
STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER,
AND COURT ORDER ADOPTING THE STATE'S PROPOSED FINDINGS OF FACT
AND ORDER WITH BRIEF IN SUPPORT**

Applicant received the convicting court's signed order on June 16, 2015. Applicant humbly and respectfully asks this Honorable Court to receive and consider this objection and denial, adopt Applicant's proposed findings of fact and conclusions of law, and conduct an evidentiary hearing in order to resolve all the factual allegations claimed in the instant 11.07 Application, with an emphasis on the unresolved designated issues of ineffective assistance of counsel.

Applicant objects to and generally denies the State's Proposed Findings of Fact, Conclusions of Law and Order, and the Court Order Adopting the State's Proposed Findings of Fact and Order, except where supported by the record. The convicting court's conclusions of law should be reviewed *de novo*, *Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005). This Court is the ultimate factfinder for Applicant's state writ of habeas corpus. *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008); Texas Code of Criminal Procedure, Article 11.07, § 5. This Court is free to reject the convicting court's findings if they are not supported by the record. *Ex parte Adams*, 768 S.W.2d 281, 288 (Tex. Crim. App. 1988). Therefore, Applicant humbly and respectfully urges this Court to patiently and carefully review Applicant's 11.07

1

application and its supporting memorandum of law, supporting supplements/amendments and respective memorandums of law, and all referenced exhibits.

Article 11.07, § 3(d), states in relevant parts: "If the convicting court decides there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order ... designating the issues of fact to be resolved."

In the instant state habeas corpus the convicting court did in fact enter an order on April 03, 2013, designating issues of "Whether the applicant was denied the effective assistance of counsel at trial." (*See* Appendix A, State's Proposed Order Designating Issues). Please note that this document was excluded from the documents listed to be transmitted to this Court. (*See* Appendix B, State's Proposed Findings of Fact, Conclusions of Law and Order). The convicting court should state with particularity the evidence relied upon when making specific findings and conclusions, therefore, it should include all supporting documentation in the habeas corpus record. *Ex parte Olivares*, 202 S.W.3d 771, 773 (Tex. Crim. App. 2006).

To Applicant's knowledge, said ordered designated issues have not been resolved nor has trial counsel denied/disputed any of Applicant's state habeas corpus factual allegations. Applicant has not received any notification of the resolution of issues or denial/dispute of issues. The effect of failing to deny an allegation operates as an admission. Federal Rules of Civil Procedure 8(b)(1)(B), 8(b)(6); *Jones v. Lopez*, 262 F. Supp.2d 701 (W.D. Tex. 2001). Even if trial counsel had denied/disputed Applicant's habeas corpus factual allegations, her resignation (*see* Appendix C, Supreme Court of Texas, Misc. Docket No. 13-9166) from the practice of law in lieu of disciplinary actions lends support to Applicant's factual allegations of ineffective assistance of counsel. *Ex parte Thompson*, 153 S.W.3d 416, 419-20, n.2 (Tex. Crim. App. 2005). Moreover,

2

trial counsel infers ineffective assistance of counsel in her email to Applicant's then girlfriend. (*See* Appendix D, Email of Attorney Kennitra M.Foote).

Applicant humbly and respectfully requests an evidentiary hearing. When facts are in dispute an evidentiary hearing is mandatory because the function of an evidentiary hearing is to try issues of fact. *Townsend v. Sain*, 372 U.S. 293, 309 (1963). Applicant has repeatedly requested an evidentiary hearing in his 11.07 supporting Memorandum of Law and other 11.07 supporting motions (specifically: Motion for Speedy Trial - Adjudication/Remedy (9-20-13); Motion to Appoint Counsel (3-3-14); and Motion - Demand for Performance (5-13-14)). (*See* Appendix E, Harris County District Clerk Activity Log). With the exception of the Motion to Appoint Counsel, which the convicting court denied within one week, the convicting court remains silent as to Applicant's other motions. An evidentiary hearing is required because punishment obtained in violation of the Constitution is intolerable and the "opportunity for redress, which presupposes the opportunity to be heard, to argue and present evidence, must never be totally foreclosed." *Townsend*, 372 U.S. at 322. Moreover, Applicant need only to satisfy one of the six circumstances outlined in *Townsend, supra.* Petitioner avers that he satisfies: "(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; and (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing." *Townsend*, 372 U.S. at 313. The record as a whole shows that the convicting court refused to conduct a full and fair evidentiary hearing; refused to facilitate the production of newly discovered material evidence of, but not limited to, fabrication/tampering of evidence, fraud, perjury, and misconduct; and the fact-finding process

3

was inadequate because no response to Applicant's ineffective assistance of counsel claims was secured from trial counsel. The Supreme Court reversed the District Court's dismissal of a habeas corpus application because the lower court improperly refused to hold an evidentiary hearing. *Townsend*, 372 U.S. at 292. Applicant presented extensive evidence in the state court. *Pike v. Guarino*, 492 F.3d 61, 69 (1st Cir. 2007); Applicant is entitled an evidentiary hearing because he did not have an opportunity to develop a claim in the state court despite his due diligence. *Winston v. Pearson*, 683 F.3d 489, 499-500 (4th Cir. 2012); Applicant is entitled to an evidentiary hearing because the state did not provide a full and fair evidentiary hearing to develop the facts. *Hall v. Quarterman*, 534 F.3d 365, 367-69 (5th Cir. 2008); Applicant is entitled an evidentiary hearing because he diligently sought to develop the factual basis for an ineffective assistance of counsel claim in a state court. *Barkell v. Crouse*, 468 F.3d 684, 694-95 (10th Cir. 2006).

Therefore, Applicant humbly and respectfully submits alternative findings of fact and conclusions of law and prays that this Honorable Court adopts said findings and conclusions and therefore grant habeas corpus relief.

> a) That the state proposed to the convicting court designated issues of ineffective assistance of counsel. The convicting court adopted the state's proposed designated issues and issued an order designating issues of ineffective assistance of counsel. To Applicant's knowledge, the designated issues of ineffective assistance of counsel remain unresolved. Therefore, by definition of Art. 11.07, § 3(d), "controverted, previously unresolved facts which are material to the legality of the applicant's confinement" still exist. All of Applicant's ineffective assistance of counsel claims must be addressed and resolved, regardless of whether habeas corpus relief is granted or denied. *Clisby v. Jones*, C.A. 11 (Ala.) 1992, 960 F.2d 925; *Turner v. Wainwright*, C.A. 5 (Fla.) 1977, 550 F.2d 1012; *Stinson v. State of Alabama*, 5 Cir. 1977, 545 F.2d 485; *Pitchess v. Davis*, U.S. Cal. 1975, 95 S.Ct. 1748, 421 U.S. 482.

> b) That in determining whether an applicant received ineffective assistance of counsel, the Court of Criminal Appeals in *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) adopted the *Strickland* standard (*Strickland v. Washington*, 466 U.S. 668 (1984)).

4

c) That Applicant has shown in his 11.07 application and all associated documents, by a preponderance of evidence, that trial counsel's performance was deficient by making "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The presumption of correctness is overcome when clear and convincing evidence demonstrates petitioner's Sixth Amendment rights were violated, contrary to the findings by a state court. *Titlow v. Burt*, 680 F.3d 577, 591-92 (6th Cir. 2012).

d) That Applicant has established prejudice by showing that "a probability exists, sufficient to undermine [the court's] confidence in the result, that the outcome would have been different but for counsel's deficient performance." *Ex parte Amezquita*, 223 S.W.3d 363, 366 (Tex. Crim. App. 2006) (quoting *Ex parte White*, 160 S.W.3d 46, 49 (Tex. Crim. App. 2004)); *see also Strickland*, 466 U.S. at 694. Moreover, Applicant has established resulting prejudice at the Punishment Phase by showing that the sentencer would have rendered a more favorable sentence. *Ex parte Rogers*, 369 S.W.3d 858, 864-65 (Tex. Crim. App. 2012). Trial counsel's "errors were so serious as to deprive [Applicant] of a fair trial, a trial whose result was reliable." *Strickland*, 466 U.S. at 687.

e) That when an applicant's habeas corpus factual allegations of ineffective assistance of counsel are in dispute, then an evidentiary hearing is mandatory to try issues of fact. *Townsend, supra.*

f) That when an applicant's habeas corpus factual allegations of ineffective assistance are not in dispute, then the applicant is entitled habeas relief because: (1) a "probability exists [...] the outcome of the trial would have been different but for counsel's deficient performance" (*Ex parte Amezquita, supra*); (2) "the sentencer would have rendered a more favorable sentence" *Ex parte Rogers, supra.*

g) That Applicant was denied of his guaranteed and protected rights of the Sixth Amendment's effective assistance of counsel and the Fourteenth Amendment's due process; thereby, Applicant is illegally restrained of his liberties. *United States Constitution.*

h) "There is no higher duty of a court, under our constitutional system, than the careful processing and adjudication of [applications] for writs of Habeas Corpus, for it is in such proceedings that a person in custody charges that error, neglect, or evil purpose has resulted in his unlawful confinement and that he is deprived of his freedom contrary to law..." *Harris v. Nelson*, 394 U.S. 286, 291-92, 89 S.Ct. 1082 (1969).

i) The presumption of correctness is impossible where a state court fails to adjudicate claims on the merits "by refusing to facilitate the production of new, material evidence." (*Winston v. Pearson*, 683 F.3d 489, 506 (4th Cir. 2012)); the presumption of correctness is overcome when clear and convincing evidence demonstrates petitioner's Sixth Amendment rights were violated, contrary to the findings by a state court. (*Titlow v. Burt*, 680 F.3d 577, 591-92 (6th Cir. 2012)); the presumption of correctness is overcome when clear and convincing evidence of defects in the factfinding process is demonstrated. (*Taylor v. Maddox*, 366 F.3d 992, 1008 (9th Cir. 2004)).

Applicant respectfully requests appointment of counsel to assist with an evidentiary hearing.

For these reasons, Applicant humbly and respectfully requests this Honorable Court to adopt Applicant's proposed findings of facts and conclusions of law and conduct an evidentiary hearing in order to resolve all the factual allegations claimed in the instant 11.07 Application and to facilitate new, material evidence presented therein.

Respectfully submitted,

REYNALDO AMAYA
TDCJ - CID No. 1607287
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351-8580

6

# APPENDIX A

# STATE'S PROPOSED ORDER
# DESIGNATING ISSUES

Cause No. 1186977-A

| EX PARTE | § | IN THE 185TH DISTRICT COURT |
|---|---|---|
| | § | OF |
| REYNALDO AMAYA,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S PROPOSED ORDER DESIGNATING ISSUES

Having reviewed the applicant's application for writ of habeas corpus, the Court finds that the following issue needs to be resolved in the instant proceeding:

1. Whether the applicant was denied the effective assistance of counsel at trial.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issue and then enter findings of fact.

The Clerk of the Court is **ORDERED NOT** to transmit at this time any documents in the above-styled case to the Court of Criminal Appeals until further order by this Court.

**By the following signature, the Court adopts the State's Proposed Order Designating Issues.**

SIGNED on the 3 day of April, 2013

_____
PRESIDING JUDGE

FILED
Chris Daniel
District Clerk
MAR 27 2013
Time: _____
Harris County, Texas
By _____ Deputy

Certified Document Number: 55251103 - Page 2 of 5

Appendix A

State's Proposed Order Designating Issues
Page 1

# APPENDIX B


# STATE'S PROPOSED FINDINGS OF
# FACT CONCLUSIONS OF LAW AND ORDER



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

June 11, 2015

REYNALDO AMAYA
#1607287 POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 1186977-A in the 185th District Court.

☐ State's Original Answer Filed ,

☐ Affidavit , .

☐ Court Order Dated ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☒ Respondent's Proposed Findings of Fact and Order June 10, 2015

☐ Other

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

Enclosure(s) – STATE'S PROPOSED FINDINGS OF FACT AND ORDER

Appendix B

State's Proposed Findings of Fact Conclusions of Law and Order
Page 1

1201 FRANKLIN • P.O. BOX 4651 • HOUSTON, TEXAS 77210-4651 • (888) 545-5577

REV: 01-02-04

NO. 1186977-A

FILED
Chris Daniel
District Clerk

JUN 04 2015

Time:
Harris County, Texas
By
Deputy

EX PARTE                          §          IN THE 185th DISTRICT COURT

                                 §          OF

REYNALDO AMAYA,
Applicant                        §          HARRIS COUNTY, TEXAS

## STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

The Court has considered the application for writ of habeas corpus, the State's Original Answer, and official court records in the above-captioned cause. The Court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing and recommends that the habeas relief requested be denied because the applicant's instant habeas allegations, even if sworn, are insufficient to overcome the State's denials since the allegations fail to meet the burden of alleging and proving, by a preponderance of the evidence, facts which, if true, entitle him to habeas relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); *Ex parte Adams*, 768 S.W.2d 281 (Tex. Crim. App. 1988); *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

## ORDER

THE CLERK IS **ORDERED** to prepare a transcript of all papers filed in cause number 1186977-A, and transmit same to the Court of Criminal Appeals as provided by TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2013). The transcript shall include certified copies of the following documents:

Appendix B



1. the application for writ of habeas corpus and attachments;

2. the State's Original Answer;

3. the Court's order;

4. the State's Proposed Findings of Fact, Conclusions of Law and Order;

5. the applicant's Proposed Findings of Fact and Conclusions of Law (if any);

6. the indictment, docket sheets, and judgment and in cause number 1186977; and

7. the appellate opinion.

THE CLERK is further ORDERED to send a copy of this order to the applicant, Reynaldo Amaya, TDCJ # 1607287, 3872 FM 350 South, Livingston, TX 77351; and to counsel for the State, Farnaz Faiaz, 1201 Franklin, Suite 600, Houston, Texas 77002.

**By the following signature, the Court adopts the State's Proposed Findings of Fact and Order in Cause Number 1186977-A.**

SIGNED this __10__ day of __June__, 2015.

_____
PRESIDING JUDGE

State's Proposed Findings of Fact Conclusions of Law and Order
Page 3

| | | |
|---|---|---|
| EX PARTE | § | IN THE 185th DISTRICT COURT |
| | § | OF |
| REYNALDO AMAYA,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## CERTIFICATE OF SERVICE

Service has been accomplished by sending a copy of this instrument to the following address:

> Reynaldo Amaya
> TDCJ # 1607287
> 3872 FM 350 South
> Livingston, TX 77351

SIGNED this 3rd day of June, 2015.

Respectfully submitted,

Farnaz Faiaz
Assistant District Attorney
Harris County, Texas
1201 Franklin Street
Houston, Texas 77002
(713) 755-6657
Texas Bar I.D. #24063791

Appendix B          3

State's Proposed Findings of Fact Conclusions of Law and Order
Page 4

# APPENDIX C

# SUPREME COURT OF TEXAS,
# MISC. DOCKET NO. 13-9166

# ORDER OF THE SUPREME COURT OF TEXAS

## MISC. DOCKET NO. 13-9166

## IN THE MATTER OF KENNITRA M. FOOTE

The Court has reviewed the Motion for Acceptance of Resignation as Attorney and Counselor at Law in Lieu of Disciplinary Action of Kennitra M. Foote (the Motion) and the Response of the Office of the Chief Disciplinary Counsel for the Commission for Lawyer Discipline (the Response). The Court concludes each meets the requirements of Part X of the Texas Rules of Disciplinary Procedure. Therefore, the Court deems the professional misconduct detailed in the Response conclusively established for all purposes. The Court further concludes that acceptance of the resignation of Kennitra M. Foote is in the best interest of the public and the profession.

Therefore, the law license of Kennitra M. Foote of Houston, Texas, State Bar Card Number 24029552 is canceled. The Court notes that Kennitra M. Foote has already surrendered her Texas bar card and Texas law license to the Clerk of this Court.

Consequently, Kennitra M. Foote is prohibited from practicing law in the State of Texas. She is prohibited from holding herself out as an attorney at law, performing legal services for others, giving legal advice to others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any Texas administrative body (whether state, county, municipal, or other), or holding herself out to others or using her name in any manner in conjunction with the words "Attorney at Law," "Counselor at Law," or "Lawyer."

Appendix C

Supreme Court of Texas, Misc. Docket No. 13-9166

Page 1

Additionally, Kennitra M. Foote must immediately notify in writing each of her current clients and opposing counsel of her resignation. She shall also return any files, papers, unearned monies and other property in her possession belonging to any client or former client to the respective client or former client or to another attorney at the client's or former client's request. Kennitra M. Foote shall file with the Statewide Compliance Monitor, State Bar of Texas, P.O. Box 12487, Austin, Texas 78711, within thirty days of the date of this Order an affidavit stating that all current clients and opposing counsel have been notified of her resignation and that all files, papers, monies and other property belonging to all clients and former clients have been returned.

Finally, Kennitra M. Foote shall, within thirty days after the date of this Order, notify in writing each justice of the peace, judge, magistrate, and chief justice of each court in which Kennitra M. Foote has any matter pending of the terms of this Order, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Kennitra M. Foote is representing in court. Kennitra M. Foote shall file with the Statewide Compliance Monitor, State Bar of Texas, P.O. Box 12487, Austin, Texas 78711, within thirty days of the date of this Order an affidavit stating that she has notified in writing each justice of the peace, judge, magistrate, and chief justice of each court in which he has any matter pending of the terms of this Order, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) she is representing in Court.

## CONDITIONS FOR REINSTATEMENT

As absolute conditions precedent for the reinstatement of Kennitra M. Foote, she shall

Misc. Docket No. 13-9166
Page 2

Appendix C

Supreme Court of Texas, Misc. Docket No. 13-9166
Page 2

pay $4,953.00 in restitution to Alexander Genson, D.C.; $4,153.00 in restitution to Karen S. Thomason, D.C.; $10,508.41 in restitution to Mark Witt; $27,981.90 in restitution to Hattie Williams Nneji; $63,920.48 in restitution to Obinna Nneji; $350.00 in restitution to Jacqueline M. Strain; $4,000.00 in restitution to John Ross; and $2,300.00 in restitution to Melvin L. Jetson, Sr.

Kennitra M. Foote's payments of restitution should be made by certified or cashier's check or money order, payable to Alexander Genson, D.C.; Karen S. Thomason, D.C.; Mark Witt; Hattie Williams Nneji; Obinna Nneji; Jacqueline M. Strain; John Ross; Melvin L. Jetson, Sr., and delivered to the Statewide Compliance Monitor, State Bar of Texas, P.O. Box 12487, Austin, Texas 78711.

Appendix C

SO ORDERED this _10th_ day of _December_ 2013.

Nathan L. Hecht, Chief Justice

Paul W. Green, Justice

Phil Johnson, Justice

Don R. Willett, Justice

Eva M. Guzman, Justice

Debra H. Lehrmann, Justice

Jeffrey S. Boyd, Justice

John P. Devine, Justice

Jeffrey V. Brown, Justice

Misc. Docket No. 13-9166
Page 4

Appendix C

Supreme Court of Texas, Misc. Docket No. 13-9166
Page 4

# APPENDIX D

# EMAIL OF ATTORNEY
# KENNITRA M. FOOTE

Subject: Fw: Reynaldo Amaya

From: Sherrie Carroll (sherrie.carroll@yahoo.com)

To: ella.22103@yahoo.com;

Date: Tuesday, September 15, 2009 12:06 PM

Stella,

FYI

Let me know what you think

Sherrie

——Forwarded Message——
From: "kennitra@hotmail.com" <kennitra@hotmail.com>
To: Sherrie Carroll <sherrie.carroll@yahoo.com>
Sent: Tuesday, September 15, 2009 10:49:29 AM
Subject: Re: Reynaldo Amaya

Sherrie,
In my honest opinion I believe that every case has some merit on appeal. However, with the level of evidence in the case the grounds are going to be very weak. The appellate standard is based on, for the most part, the jury verdict. The appellate court is going to respect that verdict except for the very few exceptions where they set aside the verdict in their review. They will still look at all of the facts and determine whether they would have arrived at the same conclusion. The only other things, in my opinion, you could look at are ineffective assistance of counsel and the admission of the inteview tape over my objection. Other than that it will be a very weak appeal. I told Estella about a possible medical condition Amaya may have. Other than that, I will call you this evening when things slow down.

——Sent from my Palm Pre——

Sherrie Carroll wrote:

Kennitra

I was wanting to know in your opinion does Rey have any good grounds for an appeal.

Sherrie
713-253-6362

Appendix D

Email of Attorney Kennitra M. Foote
Page 1

## CERTIFICATE OF SERVICE

Service has been accomplished by mailing a copy of this instrument in the United States Postal Service, postage prepaid on this the 17th day of July, 2015, to the following address:

> Court of Criminal Appeals
> Attn: Abel Acosta, Chief Deputy Clerk
> Supreme Court Building
> 201 West 14th Street, Room 106
> Austin, Texas 78701

Signed this 17th day of July, 2015.

Respectively submitted,

By_____
Estella M. Rodriguez