FILED
United States Court of Appeals
Tenth Circuit

December 3, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY E. MUKES,

       Petitioner - Appellant,

v.

WARDEN OF JOSEPH HARP
CORRECTIONAL CENTER,

       Respondent - Appellee.

No. 08-6182

W.D. Okla.

(D.C. No. 08-CV-00560-W)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

This case a involves a contrived, contorted and ultimately unsuccessful

attempt to avoid the time limit Congress has imposed for filing a habeas corpus

petition. Appearing pro se, Larry Eugene Mukes wants to appeal from the

dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus and the

denial of his alternative motion for relief under Rule 60(b) of the Federal Rules of

Civil Procedure. To that end he seeks a Certificate of Appealability (COA).[1] The

district court dismissed Mukes' habeas petition as time-barred, denied relief under

Rule 60(b), and denied a COA. We likewise deny a COA and dismiss this matter.

---

[1] Because Mukes is proceeding pro se, we liberally construe his pleadings.
*See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

# I. BACKGROUND

Mukes was convicted in Oklahoma state court of first degree murder and first degree manslaughter. On September 23, 1992, the federal district court granted a conditional writ of habeas corpus concluding the state trial judge erred in refusing to give a jury instruction on the burden of proof for self defense. The court set aside the verdict and ordered the State to release Mukes from custody unless it elected to retry him within ninety days. The State elected to retry Mukes within ninety days and, on January 13, 1993, Mukes pled guilty to the same charges on which he was originally convicted—first degree murder and first degree manslaughter. He was sentenced to life imprisonment on the former and a concurrent term of twenty-five years imprisonment on the latter. He did not file a direct appeal.

On August 10, 1999, Mukes filed an application for post-conviction relief in state court. The court denied relief and the Oklahoma Court of Criminal Appeals (OCCA) affirmed. Mukes filed two subsequent applications for post-conviction relief in state court, both of which were denied.

On June 2, 2008, Mukes filed a petition in federal district court seeking relief under 28 U.S.C. § 2254 and Rule 60(b)(6).[2] The magistrate judge issued a

---

[2] Under the prison mailbox rule, a prisoner's petition is deemed filed when the prisoner gives it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). Mukes' petition is file-stamped May 28, 2008, but his signature is dated June 2, 2008. The magistrate presumed Mukes gave the petition to prison officials on the date he executed the form, thus treating

detailed report and recommendation (R&R) suggesting Mukes' petition be denied because it was filed outside the one-year limitations period contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] *See* 28 U.S.C. § 2244(d). The magistrate judge determined Mukes' conviction became final before AEDPA went into effect (April 24, 1996) and thus, he had until April 24, 1997 to file his petition. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (adopting the anniversary method for calculation of the AEDPA limitations period); *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir 2000) (holding the one-year limitations period began to run on April 24, 1996, for prisoners whose convictions became final before the effective date of AEDPA). Mukes did not file his petition until June 2, 2008, over eleven years too late.

The judge determined the limitations period was not tolled during the period in which Mukes sought post-conviction relief in state court because he did not seek such relief until August 10, 1999, after the limitations period had already expired. Mukes claimed the limitations period should be equitably tolled based on the following: he did not have an attorney to withdraw his guilty plea; he lacked professional legal assistance within the prison; the prison law clerks were incompetent; and he was illiterate, had diminished mental capacity and was

June 2 as the filing date. Though five days would not make a difference in the outcome, we will likewise treat June 2 as the filing date.

[3] The judge determined as a threshold matter that the limitations period was applicable notwithstanding Mukes' claim the state court lacked jurisdiction because his guilty plea was unfair.

-3-

ignorant of the law. The judge determined these circumstances did not warrant equitable tolling. The judge also rejected Mukes' claim of actual innocence because Mukes alleged only legal innocence, not factual innocence. The judge recommended denial of Mukes' alternative argument seeking modification of the conditional award of habeas relief under Rule 60(b)(6) finding such relief to be improper.

Mukes filed written objections to the R&R. The district court adopted the R&R, denying Mukes' petition as time-barred and denying relief under Rule 60(b)(6). Mukes filed a notice of intent to appeal, which the court construed as a request for a COA and denied. Mukes renews his request for a COA with this Court.

## II. DISCUSSION

A prisoner may appeal from the denial of a motion for relief under 28 U.S.C. § 2254 or Rule 60(b), if made in a habeas proceeding, only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations

omitted).

A.  18 U.S.C. § 2254

Because the district court dismissed Mukes' habeas petition on procedural grounds, Mukes must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  A plain procedural bar is present here and the district court was correct to invoke it.

Mukes' petition is subject to the one-year AEDPA limitations period and neither statutory nor equitable tolling is warranted.  As to statutory tolling, Mukes does not deny that he did not seek post-conviction relief in state court until after the limitations period has already expired.  Thus, his state court applications cannot toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As to equitable tolling, the district court did not abuse its discretion in concluding Mukes has not shown some extraordinary circumstance stood in the way of his timely filing. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("Generally, equitable tolling

-5-

requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.") (quotations omitted); *Fleming*, 481 F.3d at 1254 (reviewing decision to grant or deny equitable tolling for abuse of discretion). The circumstances Mukes alleges support his claim for equitable tolling are not novel and have been consistently rejected by this Court, as the district court recognized.[4]

The court also did not abuse its discretion in rejecting Mukes' claim of actual innocence. Mukes does not dispute that he intentionally killed the two victims during an argument, but claims he is innocent of first degree murder and first degree manslaughter because he was acting in self defense. A claim of self defense involves legal innocence rather than factual innocence. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002). Thus, it is insufficient as a matter of law to avoid the procedural bar. *See Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007).

B. Rule 60(b)(6)

Mukes also seeks to appeal from the district court's rejection of his alternative argument that the conditional award of habeas relief granted in 1992

---

[4] Though not relied upon by the district court, Mukes also failed to establish that he pursued his rights diligently. He claims his diligence is evidenced by the multiple applications he filed for post-conviction relief in state court. As previously discussed, all of these applications were filed after the limitations period had expired and thus, cannot demonstrate diligence in the one-year period itself.

be modified through issuance of an unconditional writ. The district court did not abuse its discretion in rejecting this claim. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) ("We review the district court's denial of a Rule 60(b) motion for abuse of discretion."). The Supreme Court has held "[n]either Rule 60(b), 28 U.S.C. § 2254, nor the two read together, permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court." *Pitchess v. Davis*, 421 U.S. 482, 490 (1975). Even if modification of the conditional writ were otherwise appropriate, Mukes' motion was not timely. *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (finding the district could did not abuse of discretion in ruling one year delay between judgment and Rule 60(b) motion was not reasonable).

We also **DENY** Mukes' request for a COA and **DISMISS** this nascent appeal.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

-7-